DEREPAS *vs.* SHALLUS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Legal interest is the only damages allowed for delay in the performance of an obligation to pay money, but cannot apply or be taken as the measure of damages, when the obligation is destroyed by the dissolution of the contract, and in an action for the rescission of a sale.

On the dissolution of a sale the vendor is entitled, not only to take back his property, but to recover the fruits of the thing sold, during all the time the purchaser had it in possession, *as the rent* of a house and lot.

A provisional seizure is insufficient to bring an absent defendant into court; but when a curator *ad hoc* is appointed, it is sufficient.

The vendor has no privilege or lien on the furniture left in the house, when it is abandoned or left by his vendee, and he sues for the rescission of the sale. He can only claim his rent. The privilege grows out of the contract of lease, or relation of landlord and tenant.

This is an action to rescind the sale of a house and lot, made by the plaintiff to the defendant, Henrietta Shallus, widow of W. C. Clark. He alleges, that she has abandoned the premises, and gone to Texas, leaving some furniture in the house, and failed to pay her notes, given for the price of the property. The plaintiff prays that the sale be rescinded; that he have judgment for the return of the property, and the fruits or rents for the time the defendant had it in possession; that the furniture remaining in the house be provisionally seized, and a curator *ad hoc* appointed to defend.

A curator was appointed, and service of petition and citation duly made on him. He pleaded a general denial, and denied specially that the plaintiff had any claim for rent, as the defendant was the owner, and had no right to disturb the furniture or effects in the house, or to sue out a writ of provisional seizure. He also sets up a claim of five hundred dollars, in reconvention for damages sustained by the illegal proceedings of the plaintiff.

The evidence showed that the defendant has left the country, and was living in Texas. Her notes were produced, unpaid. It was, also, proved that the rent of the premises

was worth forty dollars per month; that some injury was done in breaking locks in getting into the house and armoirs, &c., but the furniture had been inventoried, and carefully stored away.

There was judgment rescinding the sale, and decreeing the possession and ownership of the property to the plaintiff, together with two hundred and eighty dollars for the damages he sustained. The defendant, some time after, took a devolutive appeal.

*D. Seghers,* for the plaintiff.

*Bartlette,* for defendant and appellant, assigned sundry errors as apparent on the record. [Those that are material, are noticed in the opinion of the court.]

*Morphy, J.,* delivered the opinion of the court.

This action is brought to annul the sale of a house and lot. The plaintiff alleges, that on the first of March, 1837, he conveyed to defendant this property, for the sum of four thousand five hundred dollars, which he received in her two endorsed notes, of two thousand two hundred and fifty dollars each, payable at six and twelve months, and secured by mortgage on the premises sold; that the first of these notes was, at maturity, protested for non-payment, and remains unpaid; that some time after the sale, defendant departed from the state and went to Texas, without leaving any agent or person entrusted with her affairs, but that she left some articles of furniture shut up in the house, purchased of him. The plaintiff annexed to his petition the two notes received of defendant, and prayed that the sale be avoided and annulled, and that the defendant be decreed to pay him, as damages, the rent of the house from the first of March, 1837, until the first of October following: he, moreover, sued out a writ of provisional seizure against the furniture and effects in the house, on which he asserted a lien and privilege to secure the payment of the rent; and at his instance the court appointed a *curator ad hoc,* to represent the absent

defendant. The latter pleaded the general issue, at the same time specially denying the plaintiff's right to any rent, and claiming damages in reconvention, to the amount of five hundred dollars for the illegal seizure and removal, from the house, of the furniture of the defendant.

There was a judgment given in favor of the plaintiff, from which, some time after, this devolutive appeal was taken.

The appellant has placed her case before us on a long assignment of errors, as apparent on the face of the record. Of these, it is deemed proper to notice only the following, to wit:

1. That the obligation of defendant being for the payment of a sum of money, the plaintiff was entitled, on a breach of it, to no other damages than the legal rate of interest.

2. That a writ of provisional seizure has not the effect of an attachment to bring a party into court; and if it has, the petition and citation in this case were not legally served.

3. That the claim set forth in plaintiff's petition, is not one authorizing a writ of provisional seizure.

I. The article 1929 of the Louisiana Code, to which we have been referred, provides that legal interest shall be the only damages allowed for delay in the performance of an obligation to pay money. It is obvious that this provision contemplates only those cases in which such an obligation is sought to be enforced, and cannot apply when, as in the present case, the obligation to pay is itself destroyed, by the dissolution of the contract which gave rise to it: interest being but an accessory of the price, none can be claimed or allowed, when there is no price to be paid. The effect of the dissolution of a sale, is to replace the parties in the situation in which they stood before the contract. The vendor is entitled, not only to take back his property free from any incumbrance, but also to recover from the purchaser, the fruits of the thing sold, during all the time the latter has had it in his possession. 2 *Troplong, Traité de Vente, No.* 652; *Pothier, Vente, No.* 357, 358. The rents of a house are the fruits which that kind of property is susceptible of producing;

Legal interest is the only damages allowed for delay in the performance of an obligation to pay money; but cannot apply, or be taken as the measure of damages, when the obligation is destroyed by the dissolution of the contract, and in an action for the rescission of a sale.

On the dissolution of a sale, the vendor is entitled, not only to take back his property, but to recover the fruits of the thing sold, during all the time the purchaser had it in his possession: *as the rent of a house and lot.*

and the evidence in this case, shows that the house in question yielded forty dollars per month.

DEREPAS
vs.
SHALLUS.

A provisional seizure is insufficient to bring an absent defendant into court; but when a curator ad hoc is appointed, it is sufficient.

II. Had no other step been taken in this case than the provisional seizure sued out by plaintiff, we would have no hesitation in declaring that defendant has never been properly brought into court, but this writ, we believe, was not intended to produce any such effect. A curator *ad hoc* was appointed to the defendant, under article 57 of the *Louisiana Code*, which provides for such an appointment when the person to be sued has no agent or representative in the state ; service of citation has been regularly made on this curator. It has more than once been held that, under our laws, such a proceeding is binding on the absentee. *Louisiana Code, article 57 ; Code of Practice, article 116 ; 4 Louisiana Reports, 154, Zacharie* vs. *Blandin ; Idem.,* 606, *George* vs. *Fitzgerald.*

The vendor has no privilege or lien on the furniture left in the house, when it is abandoned or left by his vendee, and he sues for the rescission of the sale. He can only claim his rent. The privilege grows out of the contract of lease, in relation of landlord and tenant.

III. We think the order of provisional seizure issued improvidently in this case. The plaintiff, although entitled to the rents of the house, as damages or fruits to be paid by defendant, had no lien or privilege on her furniture. This privilege grows out of the contract of lease, which never existed between them. She occupied this house as owner, not as plaintiff's tenant. But although unwarranted by law, this step appears, from the evidence, to have been rather beneficial than injurious to the interests of defendant ; her own conduct had rendered necessary some measure of this kind, for she had abandoned all her furniture and effects in the house, and the plaintiff was entitled to regain the possession. In execution of this order of court, the sheriff took an inventory of the property, in presence of the curator *ad hoc,* and had it removed to his store, without any material damage. The premises being thus cleared, were, with the consent of the defendant's legal representatives, forthwith rented out by plaintiff; thus preventing a further accumulation of the rents, for which defendant would have been answerable.

Upon the whole, we are of opinion that the judgment appealed from should not be disturbed. Its correctness is not

affected by the illegality of this provisional seizure, from which no injury is shown to have resulted to the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.