Motion to Dismiss.
The opinion of tlie Court was delivered by
Fenner, J.
Plaintiff sues for the resolution of the sale of the land on tlie ground of non-payment of the price, and for fruits of said property at tlie rate of $150 per annum from date of sale, more than ten years. •
The property is valued at $800.
The ground of the motion to dismiss is, that the claim for fruits is manifestly fictitious and unsupported by evidence.
There can be no doubt, that in the event of success, in his demand for resolution of tlie sale, plaintiff would be entitled to fruits of tlie property from date of sale, at least, if he had received such fruits. Derepas vs. Shallus, 15 La. 371 ; Boner vs. Mahle, 3 An. 600.
Therefore, the claim for such fruits cannot be considered as absolutely unreal or fictitious, and the mere failure to prove them would simply authorize a judgment of non-suit. Motion denied.
On ti-ie Merits.
On July 19th, 1870, plaintiff sold the land to the defendant for the price of $800, represented by two promissory notes, one for $400, falling due January 1st, 1871, and the other for like amount, falling due January 1st, 1872. Neither were ever paid. In September, 1881, plaintiff voluntarily remitted the debt due on the first note, and returned it to defendant. He then brought bis action to resolve the sale, *990 not for non-payment of the entire price, but exclusively for nonpayment of that portion represented by the second note.
The prescription of ten years is pleaded, and the question presented is, whether proscriptive term is to be counted from the maturity of the first instalment of the price, or only from the maturity of the second instalment, the failure to pay which is the sole breach of the resolutory condition alleged as the basis of the action.
In the case of George vs. Knox, 23 An. 354, which was a suit for resolution, on the ground of non-payment of several instalments of the price, the Court held that the right of action accrued on the failure to pay the earliest instalment, and- that the prescriptive term dated from that moment.
We are not now called upon to pass an opinion upon the correctness of that decision, because the case before us is different from it. In that case, Mr. Justice Wyly delivered a vigorous dissenting opinion, in the course of which he said : “ Suppose the plaintiff, anticipating the present ruling, had made a voluntary remission of the note maturing March 1st, 1858, which would have discharged it, and then demanded the rescission on the other notes to which the prescription of ten years was not applicable, could the action have been defeated by the plea of prescription ? Certainly not.” This is the precise course taken by the plaintiff herein, and we think Juge Wyly’s opinion that, in such case, the prescription is only counted from the default on the unextinguished note, is clearly correct.
What is the resolutory condition implied in the synallagmatic contract of sale 1 It is, that if either party shall fail to comply with his obligations under the contract, the other has the option of claiming the rescission of the contract. The obligation of the vendee in this case was to pay $400 on 1st January, 1871, and $400 on 1st January, 1872. On failure to pay the first instalment, plaintiff’s right of action to rescind undoubtedly accrued, but he was not bound to exercise it, and had the unquestioned right to condone that breach of obligation and to renounce the right of action arising therefrom; and this he has unquestionably done in this case. Payment of that instalment by the vendee, at any time, would undoubtedly extinguish plaintiff’s right of action for breach of condition in not paying it when due; and so the extinguishment of the obligation in any other mode, with the consent of the vendor, must have the same effect. After such extinguishment, no right of action to rescind remains in the vendor, except the right arising from the failure to pay the second instalment, and that action necessarily dates from the date of failure.
*991 The distinction between the two cases is substantial. Had plaintiff not remitted the first note, and based his action on the failure to pay both instalments, the defendant could only have defeated the action (if not prescribed) by paying the whole amount of the unpaid price. But now, by paying at any time before judgment, the last instalment only, he could have put an end to the action of plaintiff and perfected his title to the property. 2 Delviucourt, p. 17, Not. 5 on C. N. Art. 1657.
We must regard the present action as arising from, and based ex'clusively on the breach of condition, resulting from default in payment of the last instalment, and only prescribed by ten years from that date, which had not expired when this suit was brought. As said before, we have no occasion to affirm or deny the correctness of the decisions relied on by defendant.
It is, therefore, ordered, that the judgment appealed from be annulled, avoided and reversed, and it is now adjudged and decreed, that plaintiff have judgment against defendant dissolving, rescinding and setting aside the sale of the land described in the petition, and decreeing that plaintiff is entitled to the possession and ownership of said land, and that plaintiff’s claim for fruits be dismissed as in care of non-suit. Defendant and appellee to pay costs in both Courts.