ZACHARIE *vs.* BLANDIN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Service of both citation and petition is necessary to bring a defendant into court to answer; the provisions of the Code of Practice on this subject are not repealed by the act of 1828.

A curator *ad hoc* may be appointed to an absentee; nor will an attempt to bring such absentee into court, while transiently within its jurisdiction, weaken the right to proceed against his representative.

On a plea which objects to the legality of the action because all persons having an interest are not parties, the court may permit an amendment which will bring all the parties before it.

The defendant was arrested on the 16th February, at the suit of the plaintiff, who sued as surviving partner of a commercial firm. On the day of arrest a citation was served on the defendant in person; but on the day following, and before service of the petition, he departed from the state for his residence in the Republic of Mexico.

On the 27th of the same month the defendant, by his counsel, excepted to the petition, and prayed that it be dismissed on the following grounds, viz: 1. Because due and legal service of petition and citation was never made on the defendant; and, 2. Because the plaintiff had no authority to institute suit as survivor of the late firm of J. W. Zacharie & Co. Pending these exceptions, to wit, on the 14th March, on motion of the counsel for the plaintiff a curator *ad hoc* was appointed to represent the defendant, on whom service of the petition and citation was made on the 23d March. On the 31st of the same month the defendant's counsel excepted to the appointment of a curator *ad hoc* as illegal, it not being a case in which said curator could be appointed, and at the same time he excepted to a petion of intervention, served upon the curator *ad hoc* on the said 31st March, and filed in the cause by the curator of the absent heirs of the deceased partner of the

late firm of J. W. Zacharie & Co., on the ground that the same should have been served upon the defendant and not upon his curator. These several exceptions being sustained by the court *a qua,* the plaintiff appealed.

*Strawbridge,* for appellant, made the following points:

1. The case differs totally from that of *Walls* vs. *Smith.* The whole difficulty in that case arose from the defendant not having been cited.  Here, the sheriff's return shows a personal service of citation on the defendant, and an additional service of citation with copy of the petition on his curator *ad hoc.*

2. It is citation which is the important formality to bring the defendant into court.  True, a copy of the petition accompanies it in ordinary cases, but necessarily must be dispensed with in the extraordinary case provided for by the act of March, 1825.

3. The appointment of a curator *ad hoc* was regular, and the only mode of preventing the defendant from availing himself of his own wrong in disobeying the citation to appear. *C. C. art.* 157.   *C. P.* 116, 191, 194, 737.   *Acts of* 1825, *p.* 122.   6 *Martin, N. S. p.* 15.

4. Any irregularity in the institution of the suit by the surviving partner alone is cured by the intervention of the curator for the absent heirs; all parties in interest are before the court, and the defendant can suffer no wrong in answering.

*McCaleb, contra:*

1. The judgement of the court below is correct, because due and legal service of petition and citation was not made on defendant.

2. Because, as survivor, Zacharie had no authority to sue in manner and form as pursued.

3. The appointment of a curator *ad hoc,* after defendant had left the state, was irregular and illegal.

ZACHARIE
*vs.*
BLANDIN.

4. The intervention of the curator came too late, and, moreover, was not served legally on the defendant.

PORTER, J., delivered the opinion of the court.

The defendant in this case was arrested by order of the judge, and directed to be held in custody until he gave bail. Whether he did give bail or not the record does not inform us. At the time of the arrest a citation to appear and answer the annexed petition was served on him, but it appears the petition was not served. He filed the following exceptions:

1. Want of regular service of the petition and citation.

2. A denial of right in the plaintiff, who styled himself surviving partner of a commercial firm, to maintain an action against him for a debt due to the firm.

Before these exceptions were acted on by the court, the plaintiff, on allegation of the defendant having left the state, obtained an order from the judge that a curator should be appointed to defend him.

Immediately after this order was obtained, the record does not say when, the representative of the deceased partner's heirs prayed leave to intervene in the cause, and had leave granted to him. In the petition of intervention he states that the heirs are interested in the suit, and join with the plaintiff in the claim against the defendant.

To these proceedings, the attorneys for the defendant also excepted, on two grounds:

1. That this case was not one in which a curator *ad hoc* could be appointed.

2. That the petition in intervention was offered too late, and should have been served upon the defendant and not upon his curator.

The court took up all these exceptions at once, and acted on them. The judge was of opinion, that as the surviving partner could not maintain an action in his own name; the arrest was illegal, and the subsequent intervention of the curator of the heirs could not make that good which was in itself a nullity. He therefore sustained the exception.

This court is of opinion that service of both citation and petition is necessary to bring a defendant into court to answer; and that the act of 1828, in relation to arrest, has not repealed the provisions of the Code of Practice on this subject. *C. P.* nos. 178–9. *Acts of Legislature*, 1828, *p.* 150, §4.

But being an absentee (for both the petition and the exceptions state him to be a resident of Tampico) we think a curator might be appointed to him. The 195th article of the Code of Practice contemplates such a course of proceeding after the action is instituted. The attempt to bring the defendant into court during his transient stay here does not at all weaken the right to proceed against the representative.

And we think that on a plea which objects to the legality of the action because all persons having an interest are not parties, the court may permit an amendment which will bring all the parties before it.

But whether the arrest was legal, and the surety on the bond is bound to respond to a judgement rendered on the pleadings so amended, is quite another question. It was not made by the exceptions filed below. It is not before us, and we express no opinion on it.

As the judge, however, sustained the exception which prayed for the dismissal of the petition, it is immaterial on what reasoning he came to that conclusion if the conclusion be erroneous. Considering it to be so,

It is, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that this cause be remanded to be proceeded in according to law; the appellee paying costs of this appeal.

*Margin notes:*

EASTERN DIS.
June, 1832.

ZACHARIE
*vs.*
BLANDIN.

Service of both citation and petition is necessary to bring a defendant into court to answer; the provisions of the Code of Practice on this subject are not repealed by the act of 1828.

A curator *ad hoc* may be appointed to an absentee, nor will an attempt to bring such absentee into court, while transiently within its jurisdiction, weaken the right to proceed against his representative.

On a plea which objects to the legality of the action because all persons having an interest are not parties, the court may permit an amendment which will bring all the parties before it.