M. E. Cox, Administrator, *v.* W. C. BRADLEY, Administrator.

15  529<br>50 1080

Where an appeal has been brought up informally as to one appellant, but he has been made an appellee by his co-appellant, the appeal will not be dismissed.

Where an administrator's bond has been lost, and its existence and genuineness fully established, and it is shown that the administrator, who gave the bond, was the clerk of the court, and as such the legal custodian of the bond—*Held :* That it is not necessary, in such a case, to advertise its loss, as required by Art. 2259 of the Civil Code.

In a proceeding in garnishment against an absentee, the citation should be affixed to the court-house door, in conformity with Art. 254 C. P., and not merely served on the curator *ad hoc;* and in such a case, the party seeking to detain the property of the absent debtor in the hands of the garnishee must give bond, as required by Art. 245 C. P.

APPEAL from the District Court of the Parish of Franklin, *Mayo,* J.
   *M. A. Jones* and *J. S. Crawford,* for plaintiff.   *T. O. Benton,* for defendant and appellant.

VOORHIES, J.  The appeal, with regard to the appellant, *Isaac Wiggins,* administrator, was brought up informally, inasmuch as it was made returnable at the last regular term of the court, in the year 1858, but was brought up only at this term.  The other appellant has, however, made him an appellee; and as all the parties interested in the result are properly before us, the motion to dismiss presented by the plaintiff and appellee cannot prevail.

' The appellants were sued on their bond, as sureties of *Calvin J. Bradley,* former administrator of *Augustus H. Bradley,* deceased. The plaintiff was appointed administrator of this estate, and then obtained a judgment against his predecessor for the sum of $2,156 56, besides interest. Having exhausted the legal remedies against the principal debtor, the plaintiff sued the sureties to recover from them the amount of the judgment.

The defendant, *Isaac Wiggins,* administrator, filed a general denial; but the record does not show that an answer was filed by *Wm. C. Bradley.* We will, however, notice the points submitted in counsel's briefs, as a defence to the plaintiff's action.

It is contended, in the first place, that there is no evidence in the record, establishing the claim set up. The judgment rendered against the principal debtor is *prima facie* evidence against the sureties; besides, all the mortuary proceedings of the estate of *A. H. Bradley,* deceased, were introduced in evidence.

But it is contended that, inasmuch as the bond was not produced, owing to its loss or destruction, it was the duty of the plaintiff to have taken the oath and proven the advertisements mentioned in Articles 2258 and 2259 of the Civil Code.

The evidence shows, that the former administrator was the deputy clerk in that court; that he had the custody of all the papers in that office; that he filled all the ministerial duties of the clerk; that he had the absolute control over the papers of the estate, of which he was the administrator ; that when he left the office, the bond was not in the papers, and that after diligent search, the bond could not be found. The genuineness of this document is shown, and its disappearance accounted for. Were we to decide that the Articles 2258 and 2259 C. C. are applicable to the case of an administrator's bond, yet, in the present case, the

67

Cox
*v.*
BRADLEY.

evidence is so direct, that, under the very terms of the Article, it need not be supported by the oath of the party. With regard to the advertisement in the papers, how could it be expected that the loss of the bond, if lost it was, required publication, as the custodian was the principal debtor ? It were a vain formality, under these circumstances, on the part of the present administrator, to advertise the loss of the bond in question.

The objection, that the defendant, *W. C. Bradley*, was not properly before the court, because there was no seizure by the Sheriff to support the attachment, is fully answered by the fact of the garnishees' acknowledgment of indebtedness. 12 An. 846, *E. P. Dwight* v. *Drury, Mason et als.*

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.

---

## SAME CASE—ON A RE-HEARING.

MERRICK, C. J.   A re-hearing was granted in this case as to *W. C. Bradley*, who was represented by a curator *ad hoc.*

It is contended that he is not before the court, never having been either personally cited, nor according to the rules prescribed under the head Attachment, in the case of absentees.

Plaintiff in his petition alleges, that *W. C. Bradley* is an absentee, and prays that a curator *ad hoc* be appointed to represent him, and that plaintiff have judgment against certain persons, debtors of *Bradley*, cited as garnishees.

The petition was not accompanied by an affidavit; no order of the court was made; no bond was given, and no attachment issued.

The garnishees were cited to answer the petition, and petition and citation were served upon the curator *ad hoc* in the ordinary way.

It appears to us, that *W. C. Bradley* has not been properly cited.

The proceeding being intended to be in garnishment as against an absentee, among other things, the citation ought to have been affixed to the door of the court-house, in conformity to Art. 254 C. P., and not merely served upon the curator *ad hoc.*

Moreover, the party seeking to detain the property of the defendant in the hands of the garnishees, to answer his demand, ought to have given bond, as required by the Code of Practice, Art. 245.

The supposed debtor may suffer as much damage by the detention of his money in the hands of a garnishee, as by the seizure of a slave or any other piece of property.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment heretofore pronounced by us remain undisturbed, so far as the same affirms the judgment against *Isaac Wiggins*, as administrator of the succession of *John R. Nugent*, deceased; but that, as to the said defendant, *Wm. C. Bradley*, and said garnishees, *H. D. Yarborough* and *D. McLaughlin*, said judgment be set aside, and the judgment of the lower court be avoided and reversed as to them; and it is further ordered, that there be judgment in favor of said defendant, *Bradley*, and said garnishees, *Yarborough* and *McLaughlin*, as in case of nonsuit, and that they recover against the plaintiff their costs in the lower court; the costs of the appeal to be paid one-half by the plaintiff, and the other half by the defendant, *M. E. Cox*, administrator.