## No. 12,728.

### FREMONT F. FRANK VS. EDWARD E. MAGEE.

The adjudication carries to the purchaser at the sheriff's sale the immovale and
all its appurtenances, ineluding its fruits pending the seizure in the control or
possession of the sheriff at the date of the adjudication.

But the adjudication does not pass to the purchaser an action of damages to the
land for trespasses committed or for value of trees converted by the trespasser
prior to the acquisition of title by the purchaser, and in this connection the
analogies of the law in reference to the rights of the execution creditor have
pertinence. C. P., Art. 656; 30 An. 524, 984; 32 An. 1045.

The contract by which the owner confers on another the privilege of cutting wood
on the owner's land does not permit creditors of the owner from seizing the
land—least of all, when the creditor seizes under the equivalent of a mortgage
with the "pact *de non alienando*" duly recorded and the seizure terminates
the right to cut wood under such contracts. R. S. S. 351, 354; 31 An. 278,

ON APPEAL from the Tenth Judicial District Court for the
Parish of Avoyelles.   *Cullom, J.*

*A. V. Coco* for Plaintiffs, Appellants.

*Wm. H. Peterman* for Defendant, Appellee.

Argued and submitted February .11, 1898.

Opinion handed down Mrch 21, 1898.

Rehearing refused June 30, 1898. '

The opinion of the court was delivered by

MILLER, J.   The plaintiff appeals from the judgment, dismissing
his suit for timber alleged to have been removed by defendant from
a tract of land while under seizure, and for damages alleged to have
arisen from defendant's acts in deadening trees on the land, the
plaintiff asserting title to the timber, and to recover the damages as
the purchaser of the tract of land at the execution sale that fol-
lowed the seizure.

The plantation, it is claimed by plaintiff, was under seizure from May to December, 1896, under the executory process, in the suit of the State on the bond of a delinquent tax collector. The plaintiff purchased at the execution sale on the 26th December, 1896. It is in proof that the bond was recorded in 1892, and under our law that affected the plantation, then or thereafter acquired by the sheriff with a mortgage in favor of the State for the taxes collected, but not paid over by him, and for which the State issued the writ and caused the property to be sold at the sheriff's sale, when plaintiff became the adjudicatee. Prior to the seizure, but while the owner was sheriff and the bond was of record affecting the property seized, the owner by contract with the defendant gave him the privilege of cutting and removing timber from the tract. It is in proof that notwithstanding and during the seizure the defendant cut down a large number of trees growing on the land, deadened others, preparatory to cutting them down, removed the logs made from the felled trees, and a quantity is shown by the record to have been still in his possession and were seized by the sheriff under the sequestration issued by plaintiff in this suit.

The plaintiff's contention is that his title as purchaser at the sheriff's sale, in December, 1896, entitles him to all the timber felled and removed by defendant, pending the seizure, and plaintiff maintains that his title carries the right to recover damages caused by the deadening of the trees, and also to recover the value of all timber removed from the land and disposed of by defendant. The defendant resists the plaintiff's demand on the grounds of the contract with the owner of the land authorizing the defendant to cut and remove the timber. It is further contended on his behalf there was no seizure of the land, and in no point of view, it is insisted, has the plaintiff, as the purchaser of the land on the 28th of December, 1896, any claim for damages to the land, or for timber felled and removed from the land prior to the adjudication to the plaintiff.

This case was before us on a previous occasion. Frank vs. Magee, 49 An. 1250. Dealing with the petition as presenting different demands without determining that all were well founded, we overruled the exception of no cause of action and remanded the cause for trial on the merits. The plaintiff again appeals from the judgment dismissing his suit.

The plaintiff's argument is that the title of the purchaser at sher-

iff's sale relates back and carries all that was on the land at the time of the levy. Undoubtedly the seizure of land embraces all that was on the land at the time of the levy. That the adjudication carries the title of the seized debtor to the full extent of the possession, legal or constructive, of the sheriff, is clear enough. The argument for the plaintiff goes further, and insists that if at any period of the seizure the property seized has been injured, or any part of it removed and placed entirely beyond any control of the sheriff, that the right of action for damages for the deadening of the trees, or for the value of such property removed, is acquired by the purchaser at the sheriff's sale. The argument, it is claimed, is supported by authority, and in this connection we find a reference to the principle that the sheriff's sale carries all covenants of title with which the debtor is clothed. Warranties of title are linked with the property and pass with its sale under our law as well as at the common law, but that principle can not, in our opinion, be deemed to affirm that a right of action for damages to the property before the adjudicatee has any title passes to him as an accessory of the property. In the only decisions of obvious pertinence to this controversy, our courts reached a different conclusion with reference to the title of a purchaser—*i. e.*, that it does not carry any right to recover damages to the property for injuries accrued prior to the acquisition of such title, or to state it in another form, and that more directly applying to this case, wood cut and corded before the sale of the land does not pass to the purchaser of the land. Woodruff vs. Roberts, 4 An. 127; Nimmo vs. Allen, 2 An., p. 451. We do not think that the right of action for the value of property converted, or of damages for injury to the property prior to the seizure, can be deemed an accessory or part of the immovable, nor do we perceive the support plaintiff's argument derives from the line of authority cited that treat the sheriff's deed only as a muniment of title, additional to the adjudication, or that class of authorities that affirm the seizure as embracing all the interest of the debtor. Code of Practice, Arts. 656, 695, 696; Foley vs. Harrison, 5 An. 84; White, Richardson & Co. vs. Sheriff, 36 An., p. 984. Our courts have had frequent occasion to maintain the right of the seizing creditor to the sale of all the property seized under the writ. It is his right to have all such property faithfully preserved by the sheriff while under seizure, and it is to him the law gives a right of action for injury to the property whether by removal, or because of any other act by

which the property is diminished in value.   It is this  principle also that gives to the  seizing creditor all  " rents,  revenues or issues " accrued from the immovable seized, and sustains  his right of action for such rents.  Summers & Brannin vs. Clark, 30 An., p. 436 White, Richards & Co. vs. Sheriff, 36 An., p. 984; Henry vs. Tricou, 36 An., p.  522; Lawrence vs. Cox, 32 An., p. 1045.   If the  seizing creditor under whose writ the tract of land was adjudicated to  plaintiff were before us asserting his right against the sheriff for permitting, pend- ing the seizure, the injury of the  trees, or the removal and cutting of the timber, the question would  be  different  from  that now pre- sented.   The right in this respect of the  seizing  creditors under our jurisprudence is, we think, suggestive that  the same right does not pass to the adjudicatee with no  title  whatever, when  the injury to the property was done, or when the trees were converted.  Our juris- prudence furnishes no  precedent for  recognizing any  such right in the adjudicatee.   Our conclusion is the  action for  damages, or for the value of the trees alleged to  have  been  converted prior to the adjudication, did not pass by the adjudication.

The timber taken from the land during the seizure and in the pos- session of defendant is, in our view, to  be deemed as constructively in possession of  the  sheriff  when the adjudication was made.   It formed part of the immovable.   Cut during the seizure, it was  quite as much in the sheriff's charge as the  land  itself.   He could have taken it under his writ, and if his authority was resisted the courts would have enforced it.   Gwynne on Sheriffs, 289.   We think the adjudication must be deemed to carry to the purchaser the property in the actual as well as constructive custody of  the sheriff.   In this view we maintain plaintiff's title to the timber in defendant's posses- sion that may be identified as removed from the land  pending the seizure.

The defendant's contention that he had a contract with the owner of the land for the cutting of the timber can not avail him.   We do not understand that the debtor can place his land beyond seizure for a debt secured by mortgage, and with the  mortgage carrying into effect the pact *de non alienando* standing on the public records when the alleged contract was made, and for years before.   Whether the defendant had knowledge of the seizure other than that the law sup- poses to be constructively conveyed by the seizure is unimportant. We take occasion, however, to say that the testimony impresses us he had actual knowledge.

It is insisted there was no seizure. If that proposition is depend-ant on the proposition the defendant was served with no notice, the answer is no such notice was required. There is no testimony im-peaching the seizure and the entire proceedings, and the plaintiff's title, and in our view the pleadings, support the seizure, at least remove it from controversy.

· If, as we hold, the plaintiff had the right to issue the sequestration for the timber carried from the land, and in defendant's possession when the writ issued, there can be no claim for damages alleged to have been caused by the writ, and hence, in our opinion, there is no basis for defendant's reconventional demand.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed that the plaintiff be and is hereby decreed to be the owner of all the logs cut from the land in controversy and in defendant's possession when the sequestration issued, and that said logs be delivered to him; that the case be remanded to ascertain the logs thus decreed to belong to plaintiff; that the sequestration be maintained as to such logs, and that the defendant pay costs.

### DISSENTING OPINION.

NICHOLLS, C. J. I think a rehearing should be granted in this case, inasmuch as at present advised, I am of the opinion that the judg-ment heretofore rendered is erroneous.

The State holding a mortgage on the property of Clifton Cannon, the sheriff of Avoyelles parish, secured (under the law) by the clause *de non alienando*, and holding a judgment recognizing the mortgage debt and mortgage, seized and sold the property mortgaged under a writ of *fi. fa.* to the plaintiff, Frank. While the property was under mortgage, but before the seizure of the same, Cannon had, by contract, authorized the defendant to cut timber from the land, After the seizure of the property and while it was in the hands of the executive officer of the court, Magee entered upon the land, dead-ened a number of trees and cut down others. Some of those cut down were still upon the land at the time of the judicial sale, but others so cut down had been sold by Magee at that date. There was no notice given in the advertisement of the property for sale, or at the time of sale, that the condition of the property was other than what it was at the time of the seizure.

The claim of the State against Cannon having been fully satisfied after the seizure and sale (independently of any claim against Magee for cutting down and selling as he did the timber on the place), the question in this case is whether or not the purchaser, Frank, has a right of action against Magee for the cutting down and the conversion of the trees, which, at the time of the seizure, formed part of the realty. I am satisfied neither the seized debtor nor any one holding under him could acquire rights by an illegal entry upon the property pending the seizure, severing trees from the land, and carrying off and selling the same. I am of the opinion that when Frank bought at the judicial sale, made in execution of the judgment enforcing the State's mortgage claim, and the State was fully paid, every right which the State had in the thing mortgaged, at the time of the seizure and at the time of the sale, passed from the State to the purchaser. The purchaser acquired not only the rights of Cannon in the thing sold, but also the right of the seizing creditor under the mortgage and under the seizure and sale. He became subrogated to all the rights in the premises which the State had, including the right of action, which it may have had prior to being paid in full against Magee. The right of action should certainly belong to some one. When the State was paid in full it passed from it to Frank, even had the right not belonged to him before, by reason of his acquisition of the property itself, and as being part and parcel thereof by relation. Frank's title to the land, under our law, became absolute at the moment of the adjudication, and his rights related back to the time of the seizure as against any claim advanced by the former owner, or any one holding under him through an illegal entry upon the property pending the seizure and a severance therefrom of standing trees. [30 N. E. 979; 74 N. W. 103.]

BLANCHARD, J., concurred with the Chief Justice.