The opinion of the court was delivered by
Nicholls, C. J.
The Court of Appeals of the Third Circuit, have certified to us two questions of law accompanying the application by a statement of facts and asking for instructions.
1st. Can a sheriff who has property in his possession by seizure in executory proceedings, which proceedings are enjoined, sell said property at tax sale for the collection of taxes due thereon ? The *2055 sale being made while the property is in custodia legis; is it not absolutely null, although made for taxes ?
2nd. After the property has thus been adjudicated by him for laxes, and the vendees placed in possession under their title duly recorded, and the property has not been redeemed, can the sheriff under these circumstances, be forced by rule to proceed with the sale of the property in execution of the writ issued in said proceedings?
Statement of Facts.
On February 12th, 1895, the plaintiff in rule, (Flower, King & Putnam), issued executory process against John Beasley in suit No. 9231, upon an obligation executed by Beasley for the principal sum of five hundred dollars.
Under the order issued in said cause, the sheriff on the 26th day of February, A. D., 1895, took and seized and was commanded to sell upon the terms and conditions in said order fully set out, in order to pay and satisfy the aforesaid debt of five hundred dollars the ■ following described property as belonging to said John Beasley, to-wit:
A certain tract or parcel of land lying and being on the Bayou Choupique, containing twenty acres, more or less, the same being bounded North by J. B. Johnson, South by Narcisse Cappel, East by said J. B. Johnson, and West by O. G. Brassett, together with all the improvements thereon, worth over two hundred dollars.
On April 6th, 1895, Amelia J. Liewald, and others obtained in said court in suit numbered 9287 on the docket thereof, entitled Amelia J. Liewald, et als., vs. Flower, King & Putnam, a writ of injunction directed against the aforesaid executory proceedings, No. 9231, and restraining the sale of the above described property so seized by the sheriff under the writ of seizure and sale therein issued.
While said above described property was in the sheriff’s possession, under said writ of seizure and sale, in No. 9231, and at a time when said injunction suit No. 9287 was pending and undecided, the sheriff seized said property for taxes due thereon by the said John Beasley, and adjudicated same at tax sale on the 10th day of August, A. D., 1895, for taxes of year 1894 to G. H. Couvillon, and T. Lemoine for taxes of year 1894, whoso deed was properly recorded, and who went into immediate possession of the property. The tax roll of 1894 was on file in the Recorder’s office after completion in 1894. The said property was *2056 not redeemed from the effect and operation of said adjudication at tax sale within, the year allowed by law for that purpose.
On February 4th, 1897, the injunction suit of Liewald et als., No. 9287, was dismissed at plaintiff's costs therein.
After the dissolution, of the injunction the seizing creditor demanded of the sheriff that he proceed to the sale of the property seized, but he refused to do so unless he was given an indemnity bond in the premises. The seizing creditor refused to do so and ruled the sheriff into court to show cause why ho should not he compelled to proceed.
The sheriff answered denying that he had any right or authority in law to proceed with the sale and advertisement of the property; that it was no longer under seizure, it having been seized and sold for taxes dne thereon, and was no longer subject to sale under the seizure made under the writ issued; that the indemnity bond required was simply for his protection, as he was threatened with damages if he attempted to proceed with the sale of the said property.
The District Court made the rule absolute and the sheriff appealed.
The Court of Appeals reversed this judgment, but granted a rehearing and then applied for instructions, referring this court to the opinion of the Supreme Court of the United States in re Tyler, 149 U. S. Reports, p. 165, and Henry Tricou, 36 Ann. 519.
Opinion.
All property in the State not protected by constitutional exemption is subject to taxation, and payment of the claim of the government is secured by a privilege which primes any special mortgage upon it. The liability of property to taxation and to being sent to sale in enforcement of taxes, is independent of the fact that the owner has possession of it either when assessed or when sold at tax sale.
The proceedings taken in enforcement of taxes do not require the tax collector to make a seizure of the property and take it into his possession. The party holding possession at the time of the advertisement of sale remains undisturbed until after the title becomes shifted by an adjudication, and the law, as it now stands, contemplates the taking out by the purchaser of a writ of possession to place himself in actual possession (Acts 1880, No. 80), though it has been held that possession taken by him without objection or by consent is legal.
The fact that property which is subject to taxation may he under seizure in the hands of the sheriff, when the time fixed by law for the *2057 enforcement of delinquent taxes is reached, is no obstacle whatever to the prosecution of the State’s demand. The tax collector is imperatively-required to proceed at once.
The paramount rights and interests of the State are not to be subordinated to or held in check by the relations between the owner of the particular property and some private party holding' a mortgage upon it. The latter is bound to know as between the State or parties holding under it and himself that there may be taxes upon the land, and is. bound to safeguard his interests by payment of the taxes and subrogation to the State’s rights or in some other way.
If the possession of the sheriff is ultimately interferred with it, is only by way of consequence or result of the exercise by the State of its legal rights in the designated manner, and not a physical taking of the possession of the property by the tax collector, out of the hands of the sheriff.
If the proceedings had the effect legally of shifting the title and also of cutting off legally the rights of the seizing mortgage creditor, that ■effect could not bo broken by the fact that, at the time of the shifting of the title, the property was in the hands of the sheriff. Proceedings ’in enforcement of taxes are not the only ones which are authorized by law to be carried on, and to result in the shifting of titles independently of the fact of possession of the property, by the parties dealing in respect to it.
Partition is a proceeding of that character. (C. C. 1320).
It could scarcely be claimed that the title acquired by the purchaser .at a judicial sale, made to effect a partition by licitation among joint ■owners, would be invalidated by reason of the fact that, at the time of the sale, the property should have been under seizure, and in the hands ■of the sheriff, at the instance of a mortgage creditor of one of the joint owners.
The exercise of the paramount rights of the other joint owners would force the subordinate rights of the mortgage creditor to yield (C. C. 1337, 1338), and so it is in the case of the exercise of the paramount rights of the State.
It would have been an easy matter for the mortgage creditor to have "been present at the tax sale, and forced the bidding on the property up to a point sufficiently high to have protected his interests.
Under the statement of facts certified to by the Court of Appeals, ■the purchaser of the property at the tax sale has gone into and is now *2058 ill actual possession of the same under a recorded title. The circumstances under which the adjudieatee took possession, whether under a writ of possession, or the surrender of possession by the sheriff, is not disclosed, but the fact remains that he is in actual possession, as stated.
There is no attack upon the existence and validity of tire tax, or the regularity of the tax proceedings.
They must be presumed to have authorized the sale, and the purchaser to have acquired rights thereunder which can not be ignored in a collateral proceeding to which he is not a party.
He is to be held as a purchaser in good faith under a good and paramount title, until the contrary shall have been established in proceedings t,aken contradictorily with himself.
Assuming that actual knowledge by tire adjudieatee at tire tax sale, of the fact that the property offered for sale was then under seizure and in the hands of the sheriff, would have affected the validity of the sale; it is not claimed that he had such knowledge, and we do not think he would be bound by constructive knowledge of that fact. We do not think that the principle lying- behind Articles 2149 and 2453 of the Civil Code finds any application to a ease like the present, where the sale which has taken place, is under a paramount title or right under proceediirg-s legally authorized to be conducted out of court without the necessity of a prior seizure. Kohn vs. Lapham, 82 N. W. 409, 410. State vs. Godfrey, 10 Ohio Circuit Decisions, 316. American Digest (April, 1900). Lacassagne vs. Abraham), 48 Ann. 1160 and 51 Ann. 843.