## INTER CITY EXPRESS LINES, Inc., v. GUARISCO.

### No. 1553.

Court of Appeal of Louisiana,
First Circuit.
Feb. 20, 1936.

C. A. Blanchard, of Morgan City, for appellant.

Wise & Wise, of Morgan City, for appellee.

LE BLANC, Judge.

The plaintiff in this proceeding was also plaintiff in an action in tort brought against one H. L. Litchfield, a nonresident absentee. That suit was one for damages to one of plaintiff's trucks which had been involved in a collision with Litchfield's Ford V-8 automobile. Plaintiff, availing itself of the provisions of Act No. 215 of 1920, sued out a writ of attachment under which the Ford automobile of the nonresident Litchfield, being at the time in the parish of St. Mary, was seized by the sheriff of that parish. Service of process was made on the absentee through a duly appointed curator ad hoc. The district court of St. Mary parish thereby became vested with jurisdiction, certainly in so far as the seized automobile was concerned.

While that suit was pending and during the time that the Litchfield automobile was under seizure by virtue of the writ of attachment, the defendant in this proceeding, Leon Guarisco, claiming to have a lien and privilege on the same for repairs and parts furnished, by virtue of the provisions of Act No. 209 of 1926, obtained an order of provisional seizure as he had the right to do in order to enforce his lien and privilege under the said statute, under which the car was again seized by the sheriff. Guarisco also obtained service of process on the absentee, Litchfield, through a curator ad hoc duly appointed by the court.

Guarisco obtained judgment first for the amount prayed for by him, $203.45, restricted, however, in its execution against the Ford automobile which had been provisionally seized; the court duly maintaining the said writ of provisional seizure and ordering that the same be enforced. Upon said judgment becoming final, Guarisco had the same executed by seizing the automobile under a writ of fieri facias, and in due time it was advertised for sale by the sheriff.

The sale under this last seizure was advertised to take place on April 27, 1935. Just a few days before, on April 23, 1935, the district court rendered judgment in the tort action brought by plaintiff against the nonresident, Litchfield. The judgment was for the full amount prayed for, $538.54, but was also limited in its effect to the automobile only; the same, being under seizure by virtue of the writ of attachment issued in that suit, which writ was duly maintained in the judgment rendered.

On April 25, 1935, two days following the rendition of that judgment in its favor and two days before the date of the sale of the automobile as advertised, plaintiff, Inter City Express Lines, Inc., instituted the present proceeding to have the judgment in favor of Guarisco in the provisional seizure suit declared and decreed null and void, and demanding damages in the sum of $150 to have the illegal seizure of the said automobile set aside. Upon allegations made in its petition, the district judge granted the plaintiff a temporary restraining order withholding the sale for the time being and issued a rule nisi for a preliminary injunction.

Plaintiff stated four grounds on which it claimed the judgment in favor of Guarisco should be set aside:

1. That the court was without jurisdiction because the property seized under that judgment was already in custodia legis under the writ of attachment issued in the tort action.

2. That the proceeding filed by Guarisco was not one in rem, no attempt having been made to follow the articles of the Code of Practice relative to such a proceeding and no judgment in rem having been prayed for.

3. That the writ of provisional seizure was merely incidental to his main demand, which was for a personal judgment, and no personal judgment could be rendered, as the defendant had not been personally served.

4. That the asserted lien and privilege itself was null and void for the reason that it had never been recorded prior to the attachment secured by plaintiff and Guarisco has never, since the attachment, been in possession of the property seized.

Defendant filed an exception of no cause of action and at the same time, under reservation, an answer to all the issues raised under plaintiff's petition, and also prayed for statutory damages in the sum of 20 per cent. of the amount of his moneyed judgment by reason of its delayed execution under the temporary restraining order, for costs in the sum of $30, and attorney's fees in the sum of $150.

The exception was submitted and overruled, and on trial of the rule which was submitted on the records involved in all three proceedings, the court rendered judgment in favor of the defendant, recalling the temporary restraining order, denying the preliminary injunction prayed for, and awarding damages to the defendant in the sum of 5 per cent. of the amount of his judgment and $50 attorney's fees. From that judgment, plaintiff has appealed.

Defendant does not complain of the ruling in the lower court on his exception of no cause of action, so we do not find it necessary to review that part of the judgment in which it was overruled.

■ The first ground of attack on the judgment sought to be declared null is based on the proposition that the automobile involved, the property of a nonresident, having already been seized under the writ of attachment and therefore under the control and in the jurisdiction of the district court, that court could only exercise its jurisdiction over the res by virtue of that seizure and the defendant herein could not, by virtue of a writ of provisional seizure merely, invest the court with jurisdiction over it in order to assert his claim.

165 SO.—46½

We do not know on what authority plaintiff bases its contention that the court, having already obtained jurisdiction over the property at the instance of one creditor, could not maintain and exercise its jurisdiction in another seizure at the instance of another creditor. Article 208 of the Code of Practice provides that:

"He who brings action may, in certain cases provided by law, obtain provisional orders, either against the person of his debtor *or his property,* in order to give effect to the suit which he has brought or intends to institute against him." (Italics ours.)

The very law under which the defendant proceeded, Act No. 209 of 1926, granted him the right to obtain a provisional order such as the article of the Code has reference to, as by its very terms he is entitled to enforce his lien and privilege by a writ of provisional seizure. Article 723 of the same Code further provides that:

"When *several successive seizures are made of the same property,* the creditors making them are entitled to a preference over other ordinary creditors, according to the order of their seizures." (Italics ours.)

This article certainly seems to repel the idea that any one creditor, by virtue of a first seizure of the property, has vested the court with entire jurisdiction over the same to the exclusion of all other creditors who may claim a privilege of equal or superior rank.

Counsel for plaintiff cites, in support of his contention, the cases of Henry v. Tricou, 36 La.Ann. 519; Frank v. Magee, 50 La.Ann. 1066, 23 So. 939; and Flower v. Beasley, 52 La.Ann. 2054, 2056, 28 So. 322. The last two cases appear to us to have no bearing whatever on the question here presented. As for the case of Henry v. Tricou, we can more readily dispose of the purport of that decision by referring to the recent case of Continental Supply Co. v. Hoell et al., 170 La. 898, 129 So. 522, 525, wherein it was commented on. Among other issues presented in that case, we note a contest over two different seizures of the same property under writs of fieri facias. In considering one of the appellant's contentions, we find the court saying:

"Appellant's fourth contention is that, while the property was under seizure under the writ of fi. fa. issued on his judgment against J. H. and J. A. Williams,

it was unlawful for the sheriff to seize and sell it under the fi. fa. issued on the judgment of the Continental Supply Company. In support of the argument, counsel for appellant cite Denton v. Woods, 19 La.Ann. 356, where the syllabus seems to support the argument, but the decision itself holds merely that, where property is seized at the instance of a lienholder, and, while that seizure is pending is seized and sold at the instance of a creditor having no lien, the sale does not divest the first seizing creditor of his lien. Counsel for appellants cite also Henry v. Tricou, 36 La.Ann. 519, but the ruling in that case was virtually the same as in Denton v. Woods, viz.: 'Property in the possession of the sheriff under a legal writ at the instance of a judgment and privileged creditor cannot be seized and sold to the injury and detriment of such creditor. All that can be seized are the rights and interest of the debtor subject to the pre-existing execution.' In Gusman v. DePoret, 33 La.Ann. [333], 338, it was held that property held under seizure at the instance of one creditor might be seized and sold at the instance of another, viz.: 'There is no force in the sixth and last ground of injunction urging that Mrs. Garig's interest in the lots seized was then under seizure on a writ emanating from the parish court, in a different suit. Nothing in our law prevents the execution of several writs of fi. fa. on the same property.' See, also, Code of Prac. art. 723; Patterson v. Spaulding, 5 La.Ann. 171; State v. Allen, 52 La.Ann. [568], 573, 27 So. 85."

We think that this last decision of the Supreme Court is a sufficient answer to the contention of counsel on this first ground of attack, and we will now proceed to a consideration of the second.

In the second ground of attack is involved the question of the nature and form of proceeding contemplated under Act No. 209 of 1926 where the lien and privilege therein granted is sought to be asserted against the automobile or truck of a non-resident debtor. If the lienholder proceeds by an action in rem, can he maintain his privilege by seizure of the car or truck under a writ of provisional seizure and service of process on the debtor through a duly appointed curator ad hoc, or should he be forced to resort to the more formal and drawn-out method of procedure as pointed out in article 290 et seq. of the Code of Practice regarding actions in rem when instituted by one to whom the law gives a privilege on a certain thing?

It is observed that the articles of the Code referred to do not provide for citation of the absent debtor through a curator ad hoc at the time of the seizure, but prescribe notice by the sheriff by public advertisement to all persons interested to appear within fifteen days to answer the petition presented to the court. It is only after the expiration of that delay that the creditor may, in the event no one appear in answer to the public notice, require that an advocate be appointed to represent the absent debtor and with whom the proceedings may be carried on contradictorily.

How mandatory is this form of procedure in a case involving the seizure of property of an absentee under a writ of provisional seizure seems never to have been directly passed on by the courts of this state. There are several cases dealing with proceedings under attachment which hold that the requirements as to posting citation and the writ on the door of the courtroom have to be strictly observed in order to vest the court with jurisdiction. One of the latest of these cases is that of Pugh et al. v. Flannery et al., 151 La. 1063, 92 So. 699. In all other cases the courts seem to have been a bit more lax in forcing compliance with giving public notice and have held that seizure of the absentee's property with constructive service on a duly appointed curator ad hoc was sufficient to give the court jurisdiction over the property. Indeed, in one of the earliest cases, the Supreme Court, although observing that it was a required formality, stated that even in attachment proceedings, the posting of the citation and writ did not have any real value as notice to the absent debtor. We refer to the case of Morris v. Bienvenu et al., 30 La.Ann. 878. That was a suit seeking the annulment of a judgment, and one of the points raised was that no citation was served on the defendant by posting on the door of the courtroom. In this connection, the court stated:

"We attach no importance to the fact that citation was not posted. Where the property of an absent defendant is attached, the attachment and citation must be served 'by affixing copies of the same on the door of the room where the court in which the suit is pending is held.' R.C.P.

article 254. By express law this formality is required in suits by attachment; but it is of so little real value, as notice to the absent defendant, that it cannot be extended by implication to cases in which it is not specially required. Cox v. Bradley, 15 La.Ann. 529, and Ticknor v. Calhoun, 28 La.Ann. 258, relied on by appellant's counsel, were suits by attachment. In other cases, where an 'advocate,' or 'attorney,' or 'curator ad hoc' is appointed, service is made by delivering to him in person, or by leaving at his domicile, a copy of the petition and citation. R.C.P. articles 195, 294, 737."

In the early case of Derepas v. Shallus, 15 La. 371, 373, there was involved the question of the jurisdiction of the court against an absent defendant in a proceeding under a writ of provisional seizure. Service was made on a curator ad hoc who had been appointed under article 57 (now article 56) of the Civil Code. There is nothing whatever in the opinion of the court from which to infer that the formalities prescribed by the Code of Practice regarding the giving of public notice had been observed before having the curator ad hoc appointed. In considering the matter as presented before it, the court stated:

"Had no other step been taken in this case than the provisional seizure sued out by plaintiff, we would have no hesitation in declaring that defendant has never been properly brought into court, but this writ (the writ of provisional seizure), we believe, was not intended to produce any such effect. A curator ad hoc was appointed to the defendant, under article 57 of the Louisiana Code, which provides for such an appointment when the person to be sued has no agent or representative in the state; service of citation has been regularly made on this curator. It has more than once been held that, under our laws, such a proceeding is binding on the absentee. Louisiana Code, article 57; Code of Practice, article 116; Zacharie v. Blandin, 4 La. 154; George v. Fitzgerald, 12 La. [604], 606."

It is rather significant that although the writ of provisional seizure in that case was dissolved as having been improvidently granted, jurisdiction was maintained; the court in this connection stating:

"Upon the whole, we are of opinion that the judgment appealed from should not be disturbed. Its correctness is not affected by the illegality of this provisional seizure, from which no injury is shown to have resulted to the defendant."

■ The import of these decisions, as well as others, seems to be that it is particularly in cases of attachment that the law requires a strict observance of the provisions of the Code of Practice regarding the public posting of notice or citation to the absent debtor in order to bring him into court. See, also, National Park Bank v. Concordia Land & Timber Co., 154 La. 31, 97 So. 272. In all other cases, it appears that he may be properly served by seizure of his property within the jurisdiction of the court and citation on a curator ad hoc appointed under the provisions of article 56 of the Civil Code or article 116 of the Code of Practice, without regard to the giving of any public notice.

■ It is our opinion that such was the form of proceeding contemplated under Act No. 209 of 1926, which gave the defendant in this case a privilege on the automobile of the nonresident debtor, Litchfield. Seizure of the automobile and constructive service on the curator ad hoc appointed by the court were sufficient to vest the court with jurisdiction. The court, after hearing the case, rendered judgment very properly restricting it in its effect to the property itself which was then under its control, and thus the statute which gave defendant this remedy was given the very effect which we believe it was intended for.

As held by the learned district judge, the third ground of attack against defendant's judgment presents the same issue as raised under the second, and the disposition of the one controls the other.

There is no merit in the plaintiff's fourth and last attack on the judgment, which is that the defendant's asserted lien and privilege was null and void for the reason that it had never been recorded prior to the attachment of the automobile by plaintiff and because defendant himself has never been in possession of it.

■ The first part of plaintiff's contention on this ground may be disposed of by referring to the Constitution of this State, which specifically provides under section 19, art. 19 (Constitution of 1921), that "privileges on movable property shall exist without registration of same except in such cases as may be prescribed by law." It is observed that Act No. 209 of 1926, granting the lien and privilege asserted in

this case, does not require registration of the same. The second part of the contention made on this point is answered by further reference to the statute, from which it is noted that the lien granted to the operator of the garage exists on the truck or automobile repaired by him or for which he furnished parts, "regardless of whether such automobile, truck or machine be physically in such establishment during the making of such repairs or of parts for necessary repairs thereto, or regardless of whether such parts be actually attached in such establishment or elsewhere, or whether same be attached by the person owning or conducting such establishment or by the owner, possessor or operator of such automobile, truck or machine."

Plaintiff complains of the award for damages in the judgment appealed from. These damages, as already stated, are the statutory damages of 5 per cent. of the amount of the judgment, costs, and attorney's fees. On this point we think that plaintiff's complaint is well founded.

■■ The statutory damages allowed are those that can be granted under article 304 of the Code of Practice and under which the court can condemn a party plaintiff against whom an injunction has been dissolved, and his surety, to pay jointly and severally, to the defendant obtaining the dissolution of the injunction, not more than 20 per cent. of the amount of the judgment, unless damages of a greater amount be proved. It has been held that the damages allowed under this article of the Code are punitive in character and that the statute therefore has to be strictly construed. Evasovich v. Cognevich, 159 La. 1035, 106 So. 556. It has also been held that the damages being of a punitory nature, they will not be granted where there is no palpable abuse of the writ as to warrant the imposition of the penalty. Kentwood Bank v. McClendon, 152 La. 489, 93 So. 748.

■ Applying a strict construction to the article of the Code which provides for damages in case *the injunction* be dissolved, we doubt very much that its meaning should be extended to include damages for the dissolution of *a temporary restraining order*. The temporary restraining order authorized under the new form of injunction proceedings in this state, Act No. 29 of 1924, can hardly be classed as an injunction. It is only, as its name indicates, a temporary order granted by the court, at its discretion, to suspend proceedings in an execution pending the trial of a rule nisi for the injunction itself. By the terms of the statute creating it, it is short-lived, the purpose of that in our opinion being to safeguard against damages and delays which formerly grew out of what were called "eleventh hour injunctions" which the district judge had to grant as a matter of right, under the former method of procedure. Under the rule of strict construction it is doubtful, we think, if the statutory damages provided for under the article of the Code are allowable in cases of the dissolution of such an order. We do not think, either, that there was such a palpable abuse of the order in this case as to justify the infliction of punitory damages such as damages under the article are held to be.

■ Aside from these considerations, however, we see, on examination of the record, that while the answer to the rule in which these damages were claimed was filed before the expiration of the temporary restraining order, the order itself had automatically expired more than a month before the day on which judgment was rendered dissolving the same. While it was within the power of the court to extend it, it does not appear that it ever had been extended. On the day that the court rendered judgment dissolving it, as a result of the trial of the rule for injunction on the merits (there never having been a motion to dissolve filed), there was in fact no restraining order existing, and therefore nothing for the court to dissolve. The situation at that moment was in some respect like that which existed in the case of Coleman v. Currie et al., 16 La.App. 403, 134 So. 733, 734, in which a judgment for damages on the dissolution of a temporary restraining order was reversed. We quote from that decision:

"It is elementary that no damages can be awarded on account of the wrongful issuance of any conservatory writ, unless the writ is dissolved on a motion tried separately from the merits. It is a question as to whether a temporary restraining order can be characterized as a conservatory writ, the dissolution of which by motion would entitle the defendant to damages. But, be that as it may, it is certainly true that, if damages can be awarded for the dissolution of. the temporary restraining

order, this dissolution must take place while the restraining order is in effect."

For that same reason we are of the opinion that the statutory damages were improperly awarded in this case and the judgment will have to be amended in that respect.

■ We think that the same reasoning may be applied with regard to the claim and award for attorney's fees. They are allowed in cases of the dissolution of conservatory writs only when the writ is so dissolved as a result of a trial of a motion to dissolve. Here, as we have stated, there never was a motion to dissolve and the case was tried and judgment rendered on the issue as made up in defendant's answer to the rule nisi for injunction. The restraining order was no longer in existence at the time of the rendition of that judgment, and consequently no attorney's fees should have been awarded for dissolving an order which was no longer in effect.

For the foregoing reasons, it is now ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, reversed in so far as it awarded statutory and other damages and also damages for attorney's fees to the defendant, and that in all other respects it be affirmed.