No. 3573

Second Circuit

———

COLEMAN v. CURRIE, SHERIFF, ET AL.

———

(May 20, 1931. Opinion and Decree.)

———

Goff & Goff, of Arcadia, attorneys for plaintiff, appellant.

J. Rush Wimberly, of Arcadia, attorney for defendants, appellees.

McGREGOR, J. J. O. Caskey obtained judgment against W. L. Coleman, one of the defendants in suit entitled "J. O. Caskey vs. E. H. Crawley et als, No. 6987, Second Judicial District Court, Bienville Parish, Louisiana." The plaintiff caused execution to issue and seized one hundred forty-five acres of land belonging to the defendant in execution, W. Lee Coleman, and had caused same to be advertised for sale on Saturday, January 12, 1929, as shown by the allegations of plaintiff's petition and a copy of the advertisement attached to the petition.

The plaintiff, W. Lee Coleman, defendant in the execution, after demanding the release of his property as his homestead, filed this suit, alleging that he was the owner of the property; that same was advertised for sale; that the property was exempt from seizure and sale as his homestead. He alleges that said property is occupied by him and his family as a homestead; that he is the head of a family, having a wife and children dependent upon him for support and that they own no property in their own right. He obtained a temporary restraining order, upon giving bond in the amount fixed by the court and a rule nisi issued directing the defendants to show cause on Thursday, January 17, 1929, at 10 o'clock a. m., why a preliminary writ of injunction should not issue as prayed for.

On January 17, 1929, the day fixed for the hearing of the rule, the defendant had made no appearance and nothing was done in the case. The restraining order formerly obtained was not extended and it, therefore, automatically lapsed and ex-

pired under the law as stated in section 2 of Act No. 29 of 1924.

"* * * the Court may, in its discretion, issue a temporary restraining order against the defendant, upon the applicant furnishing bond (unless bond be not required by existing applicable laws) in such amount as the court may fix, with surety or sureties, and conditioned as provided by existing applicable laws in respect of bonds in case of writs of injunction. Every such temporary restraining order shall be endorsed with the date and hour of issuance; shall forthwith be filed in the clerk's office and entered of record; shall be effective against the party restrained, officers, agents, employees and attorneys only from time of service or of actual knowledge of the issuance thereof; shall state why the order was granted without notice; shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained; **and shall by its terms expire within such time after entry,** not to exceed ten days, as the court may fix, unless within the time so fixed the order is extended for a like period for good cause shown, and the reasons for such extensions shall be entered of record." (Boldface type ours.)

On February 1, 1929, fifteen days after the date set for the trial of the rule and the expiration of the restraining order, the attorney for the defendant in rule "without in any way answering," filed a motion "to dissolve the **writ of injunction herein sued out and the restraining order.**" (Boldface type ours.) In this so-called motion to dissolve there was a reconventional demand for damages for the wrongful issuance of the restraining order. On February 26, 1929, the case was set for trial on March 5, 1929. On this day, that is March 5, the plaintiff did not appear. He was absent in a distant parish and his attorney, though he had endeavored to notify him by mail, did not know whether

he had received notice of the setting or not. Consequently he, the attorney for the plaintiff, filed a motion to continue the case to give him an opportunity to get in touch with his client. This motion was overruled and plaintiff's attorney then offered to enter a nonsuit, but counsel for defendant objected on the ground that he had a right to prove his reconventional demand, which was contained in his so-called motion to dissolve the restraining order and the writ of injunction. The nonsuit was entered, but the court permitted the defendant to prove her reconventional demand and judgment was rendered in her favor. It is from this judgment that the plaintiff is prosecuting this appeal.

It is elementary that no damages can be awarded on account of the wrongful issuance of any conservatory writ unless the writ is dissolved on a motion tried separately from the merits. It is a question as to whether a temporary restraining order can be characterized as a conservatory writ, the dissolution of which by motion would entitle the defendant to damages. But be that as it may, it is certainly true that if damages can be awarded for the dissolution of the temporary restraining order, this dissolution must take place while the restraining order is in effect. Under the express terms of Act No. 29 of 1924, in section 2, there is the following provision:

"Upon two days' notice to the party obtaining such temporary restraining order, the opposite party, or any other party in interest, may, at any time, appear and move for the dissolution or the modification of such order, and in that event the court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require."

When, on February 26, 1929, the case was set for trial, it was the rule to show cause why a preliminary injunction should not issue, and not the motion to dissolve filed by defendant on February 1, 1929. That so-called motion to dissolve was meaningless for the reason that at the time that it was filed the temporary restraining order which it sought to dissolve had already expired fifteen days prior thereto and the writ of injunction which it sought to dissolve had never in fact been issued. It prayed for the dissolution, first, of something that had expired and, second, of something that had not come into existence. Therefore, there was nothing to dissolve. Since there was nothing to dissolve, the defendant, of course, could not ask for or receive any damages in a motion to dissolve. On March 5, 1929, the only thing before the court was the question as to whether the preliminary injunction should issue. The defendant had not answered. The motion to dissolve, which specially disclaimed being an answer in any manner, filed by her on February 1, 1929, had no force. The only action that the court could legally take on March 5, 1929, was either to grant a preliminary injunction by default to the plaintiff against the defendant because of her failure to file an answer to the rule or to grant the application to enter a nonsuit. No judgment for damages should have been allowed on the trial of a motion filed to dissolve something which by its own terms and the law had lapsed nearly two months before.

For the reasons assigned the judgment appealed from is hereby annulled and reversed, and the demand of the defendant for damages on account of the restraining order is rejected; the cost of the appeal to be paid by the defendant and appellee.