[6] So. 6

## VIDAL et al. v. STERLINGTON GAS CORPORATION et al.

### No. 33049.

April 1, 1935.

Rehearing Denied April 29, 1935.

Sholars & Gunby, of Monroe, Tobin R. Hodge, of Rayville, and Todd & Todd, of Bostrop, for appellants.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellees.

ROGERS, Justice.

This is a petitory action in which plaintiffs obtained a temporary restraining order pending the trial of the rule for a preliminary injunction to restrain defendants from trespassing on the property in dispute. Defendants filed a motion to set aside the restraining order and for damages. Thereafter, defendants filed their return to the rule nisi. The motion to dissolve was tried first, and the restraining order was dissolved and defendants awarded a judgment for $500 as damages for attorneys' fees against the plaintiffs and the New Amsterdam Casualty Company their surety, in solido. The rule for a preliminary injunction was then tried and the injunction sought was denied. Plaintiffs and their surety appear before us as appellants from the judgment condemning them to pay the defendants $500 damages as attorneys' fees for the dissolution on motion of the restraining order. Defendants have answered the appeal and asked that the amount awarded as attorneys' fees be increased to $1,000.

The only questions presented for consideration are whether damages were allowable at all where the restraining order was dissolved on a motion separately filed, tried, and disposed of prior to the trial of the rule nisi; if so, could the trial judge fix what he considered to be a reasonable fee, or was he bound to render judgment for a sum agreed on between defendants and their attorneys; and whether in dissolving the restraining order the trial judge could in the same judgment condemn the plaintiffs and their surety jointly and in solido to pay as damages defendants' attorneys' fees.

The first question presented is answered in the affirmative by our decision in Albert Pick & Co. v. Stringer, 171 La. 131, 129 So. 731, where it was expressly held that restraining orders granted on furnishing bond have, under the provisions of Act No. 29 of 1924, the same temporary force and effect as preliminary injunctions, and that where such orders are wrongfully issued and are properly and timely dissolved attorneys' fees will be allowed for obtaining their dissolution.

Passing to the second question presented, we do not think the trial judge in fixing the attorneys' fees was concluded by any agreement previously entered into between defendants and their counsel as to the amount to be paid as attorneys' fees for obtaining the dissolution of a restraining order. Testimony was taken on the question of the value of the attorneys' fees. Based on this testimony, the trial judge fixed defendants' damages for attorneys' fees at $500. Our examination of the testimony has not disclosed any reason for disturbing his finding.

Our answer to the last question presented must be in the negative. The right to recover from the surety on an injunction bond in the same suit in which the injunction is dissolved is granted only in cases where money judgments are enjoined. It is only in such cases that the surety is considered as a party to the suit. Jefferson v. Gamm, 150 La. 372, 90 So. 682, and the cases therein cited.

For the reasons assigned, the judgment herein rendered against the New Amsterdam Casualty Company is annulled at defendants' costs. In all other respects the judgment appealed from is affirmed at plaintiffs' costs.

O'NIELL, C. J., adheres to the opinion which he gave in Pick & Co. v. Stringer, 171 La. 142, 129 So. 735.