**FALGOUT v. BOUDREAUX et al.**

No. 1979.

Court of Appeal of Louisiana. First Circuit.

May 4, 1939.

C. A. Blanchard, of Donaldsonville, for appellant.

Harris Gagne, of Houma, for appellee.

LE BLANC, Judge.

The defendant herein, Charles E. Boudreaux, assignee of a judgment rendered against the plaintiff, Alcide J. Falgout, in the district court of the Parish of Terrebonne, executed the same by seizing property belonging to the plaintiff which was situated in the Parish of St. Mary. Plaintiff thereupon instituted this proceeding in the district court of that parish seeking to set aside the seizure and to enjoin the same on several grounds set out in his petition but which, as will appear later, it is unnecessary for us to state here. He also asked to recover certain damages for the alleged illegal seizure of his property. On proper showing, he obtained a temporary restraining order from the district judge who in signing the same also fixed the return date for the rule to show cause why the writ of seizure should not be dissolved with damages and a permanent injunction granted against the seizing creditor and the Sheriff of St. Mary parish.

The order for the temporary restraining order was signed by the district judge on January 10, 1939 and by its own terms was to continue in existence for a period of ten days unless sooner dissolved. The return date on the rule was fixed as of January 18, 1939.

The defendant in rule, having been duly cited and served, made his return thereto in which he excepted on various grounds set out in detail, and then, under reservation of his exceptions, answered the same by putting all the allegations made in plaintiff's petition at issue on the merits. He did not allege that he was entitled to recover damages but prayed for same in the

sum of twenty per cent of the amount stipulated in the writ of fi. fa. as statutory damages and attorney's fees in the sum of $250.

On January 18, 1939, the day on which the rule had been made returnable the district judge issued a supplemental order in which it is stated that because of his inability to be present in court to preside at the trial of the rule because of illness, the temporary restraining order of January 10, 1939 was extended for an additional period of ten days from the date on which this supplemental order was signed, that is ten days from January 18, 1939.

In the meantime the defendant in rule filed a motion to have the rule itself and the temporary restraining order recalled and vacated, with damages, both statutory and as attorney's fees, aggregating the sum of $750. The district judge next issued an order on January 26, 1939 directing the plaintiff to show cause on February 6, 1939, why the relief prayed for in defendant's motion should not be granted. On that same day he wrote a letter to the Clerk of Court of St. Mary Parish instructing him to notify all parties at interest that because of his continued illness, the rule for injunction which had been fixed for hearing for January 28, 1939 was reassigned for trial for February 6, 1939.

It should be stated, we presume, that the Sheriff made due return to the service of the rule made on him and that he defended the same at the trial, but inasmuch as he was dismissed from the proceeding by the judgment below and there is no appeal from the judgment in that respect, no further reference to his part in the case need be made.

It is to be noted that the order signed January 26, 1939 fixing the motion to recall and vacate the restraining order, did not provide for an extension of that order beyond January 28, 1939, the period of its extension under the previous order granted January 18, 1939. In fact nothing further was done in the case until February 6, 1939, the day on which plaintiff's rule for a permanent injunction and defendant's motion to dissolve the temporary restraining order had been reassigned and fixed for trial. On that day, plaintiff in rule filed various exceptions to the defendant's motion to vacate the temporary restraining order. These exceptions as well as those filed by the defendant to plaintiff's rule for injunction were all heard on that day by the court and were all by it referred to the merits, after which the rule itself as well as defendant's motion was heard on the merits. Testimony was taken on the rule and both the rule and motion submitted and taken under advisement by the court.

On February 18, 1939, twelve days later, judgment was rendered maintaining the exceptions to the defendant's motion to vacate the temporary restraining order, but overruling all exceptions to the rule of the plaintiff to dissolve the seizure and sale and for a permanent injunction. On the merits of said rule however judgment went in favor of the defendant. The judgment, by its own terms, recalled and dissolved the temporary restraining order as well as it recalled and vacated the rule to dissolve the seizure of plaintiff's property and it further condemned the plaintiff to pay the defendant $250 for services of his attorney in having had the temporary restraining order set aside and recalled. Plaintiff endeavored to secure a new trial on that feature of the judgment which condemned him to pay damages as attorney's fees, but was unsuccessful. He thereupon obtained an order for the present appeal under the terms of which the appeal is limited to the monied part of the judgment; in other words, to the award of $250 contained therein as damages for attorney's fees for having obtained the dissolution of the temporary restraining order.

Counsel for appellant raises the following points on appeal: (1) Are attorney's fees recoverable for the dissolution of a temporary restraining order; (2) Admitting that they are, can they be recovered in this case where the temporary restraining order was ordered dissolved several days after it had expired by limitation under its own terms, and (3) Conceding again that they are recoverable for the dissolution of such an order can they be recovered when as in this case, the order is dissolved as a result of the trial of the rule on its merits. These same questions were presented as some of the issues raised in the case of Inter City Express Lines, Inc. v. Guarisco, La.App., 165 So. 727, decided by this court just a few years ago and which decision, if followed, necessarily leads us to a reversal of that part of the judgment appealed from in this case.

In the cited case, we expressed doubt as had the Court of Appeal for the Second Circuit in the case of Coleman v. Currie,

Sheriff et al., 16 La.App. 403, 134 So. 733, that the temporary restraining order authorized by Act No. 29 of 1924 could be characterized as one of the conservatory writs for the dissolution of which on motion, damages could be awarded. But as in both cases, it is again unnecessary for us to decide that question as on both other points involved, we have a situation which is exactly similar and on which damages as attorney's fees were disallowed.

In the first place, the temporary restraining order which had been granted in this case on January 10, 1939 and was to remain in existence for ten days and which, on January 18, 1939 was ordered continued in existence for an additional ten days from that date, automatically expired on January 28, 1939, more than a week before the trial of the rule on February 6, 1939. Should it be contended that by the subsequent orders issued it was meant to be continued in force until the date of the trial of the rule on February 6, 1939, certainly on February 18, 1939 when judgment was rendered dissolving it, it could no longer be said to be in existence and therefore as in the two cases cited no attorney's fees should have been awarded for dissolving an order which was no longer in effect. In the second place by the very judgment rendered below it appears that the decree of dissolution of the temporary restraining order came as a result of a trial of the rule itself on the merits since exceptions to the motion to dissolve the temporary restraining order had been sustained, all exceptions to the rule for injunction overruled, and a trial had on the answer which had placed the rule at issue on the merits. On this last point especially we do not see how we can depart from our ruling in the case of Inter City Express Lines, Inc. v. Guarisco for, as it therein appears, we merely followed a rule which is said to be elementary to the effect that no damages can be awarded because of the wrongful issuance of any of the conservatory writs unless the writ is dissolved as the result of a motion tried separately from the merits.

For the reasons stated, it is therefore ordered that that part of the judgment appealed from which condemned the plaintiff to pay the defendant damages as attorney's fees in the sum of $250 be and the same is hereby reversed, set aside and annulled, the defendant and appellee to pay all costs of this appeal.