FRUGE, Judge ad hoc.
The plaintiff, John P. Cryer, instituted action against the defendant; alleging that *518 he was the owner of certain lands in the Parish of Vernon, La., and that the defendant was cutting- a right of way and constructing a fence so as to enclose a portion of his property. He alleged that because of defendant’s conduct he would suffer irreparable loss and damage and prayed in his petition that the judge issue a temporary restraining order restraining said defendant from entering upon and trespassing upon his property and from constructing a fence. He further prayed for a rule to be fixed by the Court and that the defendant show cause why a preliminary writ of injunction enjoining and prohibiting said defendant from going upon plaintiff’s property and constructing a fence on said property. The Court issued the temporary restraining order upon the plaintiff furnishing bond in the sum of $500 and further ordered the defendant to show cause on the 8th day of August, 1949, why a writ of injunction should not issue.
On the 6th day of August, 1949, plaintiff moved by written motion that the temporary restraining order be continued and extended for an additional period of ten days for the reason that the Court reporter would not be available on August 8, 1949. The Court continued the restraining order for a period of ten days from August 8, 1949. Thereafter on August 17, 1949, another written motion was filed by plaintiff asking for a continuance of the temporary restraining order and that a rule nisi be fixed by the Honorable Court for a hearing on the writ of injunction. The Court again extended the temporary restraining order for ten days but did not fix a date for the rule. Then again on the 29th day of August the plaintiff moved for a continuance of the restraining order and again it was extended for a period of ten days from the 28th day of August but no rule was fixed for tire defendant to show cause why a writ of injunction should not issue.
Thereafter defendant moved to dissolve the temporary restraining order, alleging the following:
1.That the bond filed by plaintiff was null and void in that it was signed by plaintiff’s attorney who was not specially authorized to and had no authority to sign bond for his client.
2. That the order extending the temporary restraining order from the 8th day of August, 1949, for ten days was not a true copy of the original order, nor was there any date fixed for the hearing, nor service made on the defendant of the extended order as the law requires.
3. That the remaining orders extending the temporary restraining order failed to fix a date for a hearing nor was there any service made on the defendant as the law requires and are illegal and unwarranted in the law.
The defendant also alleged in the alternative and the Court quotes the remaining part of Article 6 of defendant’s motion to dissolve, “ * * * only in the event that this Honorable Court should hold that such temporary restraining order could be legally extended beyond August 18, 1949, then in such event the said temporary restraining order is defective and illegal in the following respects, to wit:
“a. That said temporary restraining order does not disclose what the immediate and irreparable loss or damage that plaintiff alleges he will suffer if such temporary restraining order is not issued.
“b. Petitioner does not set forth that the threatened injury which he claims could not be compensated in money, together with the reasons therefor.”
Defendant in his motion to dissolve also alleged that it was necessary to employ counsel and that he was entitled to the sum of $500 to cover attorney’s fees upon the dissolution of the temporary restraining order.
Upon defendant’s motion the Court ordered the plaintiff to show cause on the 19th day of September, 1949, why the temporary restraining order should not be dissolved and set aside.
Thereafter on the 19th day of September, 1949, plaintiff, John P. Cryer, filed an exception of no cause of action alleging that the defendant, J. W. Cryer in his *519 motion to dissolve the temporary restraining order proceeded by rule to obtain a money judgment. On the same date the plaintiff moved that his suit be dismissed at his cost, as of non-suit and the same was dismissed as non-suit on that date by the Court. The exception was tried on the 18th day of October, 1949, and on the 20th day of October, 1949, the lower Court entered judgment sustaining the exception to dismiss the rule to dissolve the temporary restraining order, reserving to plaintiff in said rule the right to sue for whatever damages- he might have sustained on account of the issuance of the temporary restraining order. The only question for this Court’s determination is whether or not the judgment sustaining the exception of no cause or right of action to the rule to dissolve the temporary restraining order was properly sustained.
This Court is of the opinion that the exception of no cause of action is an exception to the method of procedure and not really an exception to no cause of action. It is merely an objection to the method of procedure, that is, an objection to the plaintiff in rule seeking damages in á summary proceeding. It is true that a money judgment cannot be recovered by a summary proceeding if objected to by the defendant as Article 754 and Article 755 of the Louisiana Code of Practice sets out the only instances in which summary process may be availed. McMahon, in his second volume on Louisiana Practice at pages 1738 through 1739 further sets forth the instances and the authorities in which summary process may be availed. However, as stated before, the objection is an objection to the procedure and a proper ruling to such an objection is not to allow the plaintiff in rule to introduce any evidence as to damages but to limit his evidence to his motion to dissolve the temporary restraining order.
In the case of Younger Bros., Inc., v. Spell, 1939, 194 La. 16, 193 So. 354, 356, Chief Justice O’Niell stated: “The appellant’s exception to the method of procedure, however, is not really an exception of no cause of action. An exception of no cause of action, properly so called, may be filed at any stage of the suit. But the exception filed by the appellant in this instance is merely an objection to the method of procedure by which the defendant obtained judgment on his reconven-tional demand for damages. Such an objection is- waived if the party proceeded against by summary procedure submits without objection to the method of procedure.
Usually the party who is seeking to dissolve a temporary restraining order or injunction does seek damages in his motion but the Court, when rendering its decision on the motion, merely reserves the right to plaintiff to recover damages- for the wrongful issuance of the injunction or restraining order, Albert Pick and Co. v. Stringer, 171 La. 131, 129 So. 731.
As said before a motion to dissolve a conservatory writ is a summary proceeding and a claim for damages such as defendant’s claim in his motion to dissolve, in this case, is one which might be asserted ordinary by the ordinary proceeding and not by the summary proceeding when objected to by defendant but the motion to dissolve should not be dismissed. The objection should be sustained, limiting to the plaintiff in his motion to dissolve evidence pertaining to the dissolving feature of the restraining order and not evidence pertaining to damages suffered by plaintiff.
We see in this case that the plaintiff in the original proceeding, on the same day that he filed his exception of no cause or right of action to the rule to dissolve, dismissed his suit as non-suit. The right of plaintiff to discontinue his suit any time before judgment is rendered on his demand is an absolute right provided for by Louisiana Code of Practice, Articles 491, 492.
It might be said then that after the dismissal of the suit the motion to dissolve is a moot question for there is nothing to dissolve. However, plaintiff in his rule to dissolve should have his day in court because if the temporary restraining order was illegally or unlawfully issued then he -could, in a separate pro *520 ceeding, sue for damages that lie might have sustained on account of the unlawful issuance of the restraining order.
Plaintiff in rule submits that the judgment sustaining the no cause or right of action should be reversed and set aside, and that there be judgment sustaining the rule and dissolving the temporary restraining order as having been wrongfully issued with right reserved to defendant to sue for whatever damages he might have sustained on account thereof. This Court cannot pass on the motion to dissolve because the question of whether the temporary restraining order issued unlawfully was not considered in the District Court.
For the reasons assigned it is ordered that judgment be reversed and remanded for further proceedings not inconsistent with the views herein expressed, and that the cost of this appeal be borne by ap-pellee. All other costs to await final judgment.
Remanded.