HAMITER, Justice.
In this action plaintiffs (hereinafter sometimes referred to as Trades Council et al.) seek to recover from defendant (hereinafter sometimes termed Construction Corporation) alleged damages totaling $17,000.
Averments of the petition are that on April 14, 1948, the Construction Corporation obtained a preliminary injunction from the Thirteenth Judicial District Court, within and for Evangeline Parish, restraining Trades Council et al., from performing certain acts; that the writ was wrongfully obtained, as the Court of Appeal of the First Circuit so decided on February 2, 1949; that the wrongfully issued writ remained in force in excess of nine months; and that, by reason of such wrongful issuance, Trades Council et al., have been damaged in the total amount for which judgment is sought.
The petition itemizes the alleged damages as follows:
“Attorney’s fees for obtaining the dissolution of the said illegal and wrongful writ of preliminary injunction................$ 4,500.00 Loss of bargaining power by reason of the issuance of the writ of preliminary injunction.. 12,500.00”
To'the petition herein the Construction Corporation tendered exceptions of prematurity, of vagueness, of lis pendens, and of no right and no cause of action.
After a trial of the exceptions, during which evidence was received, the district court sustained the exception of prematu *837 rity and, accordingly, dismissed this action as in case of non-suit.
From the judgment Trades Council et al., are prosecuting this appeal, and it presents for review only the ruling on the exception of prematurity.
The record before us discloses that the Construction Corporation brought a suit in the Thirteenth Judicial District Court of Evangeline Parish, docketed there as No. 7067, alleging interference on the part of Trades Council et al., with its construction of a gasoline plant in the named parish for Magnolia Petroleum Company, all in violation of the provisions of Act No. 180 of 1946. It prayed therein that the interference be prevented by the issuance of a preliminary injunction, after a hearing on a rule nisi, and by a permanent injunction following a trial of the merits.
At the hearing of the rule nisi for the preliminary injunction, which occurred on supporting affidavits as authorized by Section 2 of Act No. 29 of 1924, LSA-RS 13:4063 to 13:4067, the Construction Corporation offered 21 affidavits in support of its allegations. To these Trades Council et al., objected on the ground that the caption of the suit, including the title and number thereof, did not appear on each affidavit as required by the 1924 statute (all were hound together, as one- document, under a single caption). The objection was referred to the merits and the affidavits admitted. Thereupon, Trades Council et al., introduced 40 affidavits.
Following the hearing of the rule the district court decreed the issuance of the preliminary injunction, restraining Trades Council et al., “from blocking the entrances to plaintiff’s plant site, and from using force, violence, threats and intimida'tion in preventing or attempting to prevent any of plaintiff’s agents, hired help and/or employees from continuing in such employ, or any person or persons from accepting employment with plaintiff, or from entering or leaving said place of operation of plaintiff herein.”
The court also ordered, however, that Trades Council et al., .be permitted to peacefully picket the site, should they so desire, in a specified restricted manner.
A devolutive appeal from the decree was requested and obtained by Trades Council et al., returnable to the Court of Appeal of the First Circuit.
In that court Trades Council et al., reurged their objection previously made to the 21 affidavits of the -Construction Corporation, contending that they were not individually captioned in accordance with the mandatory provision of Section 2 of Act No. 29 of 1924 which recites: “Affidavits shall be entitled and numbered in the cause * * *.” LSA-RS 13:4067. The Court of Appeal upheld this contention, stating in part and ordering as follows:
“We are of the opinion that the objection made by the defendants to the introduction of Affidavits P-1 through P-21, offered by the plaintiff, and which affidavits *839 did not contain the title and number of the cause, should have been sustained. Such a ruling leaves the plaintiff without any proof of the allegations of its petition, and it is therefore not entitled to the relief prayed for and granted by the judgment of the Lower Court.
“While the defendants contend that the judgment is erroneous on five other grounds, it is unnecessary to consider them in view of our present ruling.
* * * « * ' * *
“It is therefore ordered that the judgment of the District Court be reversed and that there now -be judgment in favor of the defendants and against the plaintiff, recalling and dissolving the preliminary writ of injunction issued herein, the plaintiff to pay all costs incurred in obtaining the writ of preliminary injunction, all other costs.to await the final determination of this case.
“It is further ordered that this case be remanded to the District Court for hearing on the merits in accordance with law.” See La.App., 38 So.2d 657, 661.
Since the remand of that case, according to a certificate of the Chief Deputy Clerk of the Thirteenth Judicial District Court contained in the record before us, “no proceedings whatsoever have taken place, no motions or fixings were instituted for hearing of the said case on the merits, and as far as the records of this court show, this case has not been heard on its merits, has not been dismissed, compromised nor settled in any way, shape or form.”
Complaining of the district court’s sustaining the exception of prematurity in the instant action, Trades Council et al., argue on this appeal that actual damages, such as they seek, are recoverable as a matter of right on a mere showing that the preliminary injunction has been dissolved. This argument is predicated on certain pronouncements of this court contained in our early jurisprudence, principally among which are the following:
“ * * * The dissolution of an injunction must be regarded as conclusive of its improper or wrongful issuance, and those who resort to the harsh and extraordinary remedies of conservatory process, such as attachment, sequestration, arrest and injunction, do so at their peril, and if not sustained are liable for actual damages resulting from or growing out of the proceedings. * * * ”
“The dissolution of an injunction is prima facie evidence of an injury sustained by the party enjoined, and entitles him to actual damages.”
“The dismissal of an injunction suit on an exception is equivalent in law to a judgment decreeing the injunction to have been wrongfully obtained.”
“An action in damages following such a judgment, by the defendants in the injunction suit, involves but one question, and that is the quantum of damages to be allowed.”
*841 See Conery v. Coons, 33 La.Ann. 372, Barthe v. City of New Orleans, 42 La.Ann. 43, 7 So. 70, and cases therein cited.
But such pronouncements are not decisive of this cause. Since they were made, the law concerning injunctive relief has been changed materially by Act No. 29 of 1924; and, as a result, the necessity for those holdings respecting preliminary injunctions no longer persists.
The change is clearly pointed out and explained in American National Bank v. Bauman, 173 La. 336, 137 So. 54, 55, the court therein observing:
“Unquestionably, the general rules applicable to the issuance of injunctions, contained in the section of the Code, beginning with article 296, have been modified by Act No. 29 of 1924, page 39. * * *
******
“Prior to the adoption of Act No. 29 of 1924, a rule nisi was not required in order to obtain a preliminary injunction, save in certain specified instances, such as an application for an injunction to enjoin a sale for taxes, but the judge usually acted upon the face of the application and the documents thereto attached. * * *
******
“The object had in view, in enacting the act of 1924, was to rid the state of the abuse to which the ex parte issuance of the writ of injunction had been subjected for many years, by arranging the procedure for its issuance so that the judge would have to act no longer blindly on the face of the application for the writ, but would be placed in position to act with the crucial facts before him, obtained contradictorily with the party, sought to be enjoined, after a prompt hearing, and with the right, in the exercise of a sound discretion, to grant a temporary restraining order pending the hearing.
******
“ * * * The abuse, as relates to the procedure prior to the act of 1924, did not end with the dissolution of the injunction in the trial court. A suspensive appeal lay in all appealable cases from the judgment rendered in the suit. The effect of the appeal was to reinstate the injunction, no matter how baseless the grounds were upon which it issued, and it remained reinstated until the case was finally disposed of by the appellate court. The appeal was obtainable by furnishing a bond, based on the costs, which practically in all instances was for a small amount, and, where a judgment for a specific sum was rendered as damages for the dissolution of the injunction, for one-half over the judgment for damages. * * * The effect of this procedure was to render it easy to maintain, for some time, an injunction that, had the trial judge known the facts before he granted the writ, he would not have granted it.”
As shown above a preliminary injunction can issue under the 1924 statute only *843 after a hearing (on a rule nisi). This is specifically provided for by Section 1 thereof as follows: “ * * * hereafter no writ of injunction shall .be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity, given for hearing of the opposite party.” LSA-RS 13:4062.
Of course, the statute authorizes the issuance of a temporary restraining order, in the discretion of the court, limited to ten days unless extended. But on two days’ notice the party restrained may appear and move for its dissolution; and if it be dissolved no appeal whatever lies.
Should a preliminary injunction issue after a hearing, the court may, at any time on its own motion or on application of any interested party, order the dissolution thereof. And from such an order no suspensive appeal is allowed.
It is clear, therefore, • that the remarks made by the court in the earlier cases about the harsh and extraordinary remedy of injunctions are inapplicable to the preliminary writ granted under the 1924 statute. Its counterpart did not exist under the old law. The present form of temporary restraining order is more nearly like the former injunction that was obtained before a trial of the merits, for it issues on the face of the papers from an cx parte order (although it is not so extreme because of the limitations imposed by the 1924 statute).
True, in Albert Pick & Company v. Stringer, 171 La. 131, 129 So. 731 (a decision rendered after the 1924 statute and relied on herein by Trades Council et al.), this court cited with approval some of the earlier cases which announced the doctrine that the dissolution of a preliminary injunction is prima facie evidence of damage. But therein the court was concerned with the question of damages after the dissolution of a temporary re-’ .straining order, not a preliminary injunction; and it merely analogized the former to the injunction that issued from an ex parte order under the old law.
In the Evangeline Parish litigation, from which the instant action for damages arises, no temporary restraining order ever issued. There, application was made for a preliminary injunction after a hearing; and the court, in its discretion, ordered that the hearing take place on affidavits rather than on evidence introduced as in ordinary cases. This was in keeping with a provision of the 1924 statute reading: “ * * * Upon any hearing for a preliminary injunction, * * * the court, as it may deem proper and may order, may hear such appplication upon the verified pleadings and supporting affidavits, or may take proof as in ordinary cases. * * * ” LSA-RS 13:4067.
*845 Based on the proof contained in the applicant’s affidavits the district court granted the preliminary injunction. Thereafter, no motion for its dissolution was filed. Rather, a devolutive appeal was perfected; and thereon the Court of Appeal set aside the writ. But in reaching its decision that court did not conclude that the proof contained in the affidavits considered by the trial court was insufficient to justify injunctive relief; it held only that applicant’s affidavits could not be entertained for the reason that they (accepted as valid by the district court) were defective as to form. The writ was dissolved, in other words, on a technicality or informality, not because the injunctive demand was without merit in substance.
It may be that the Construction Corporation, under its proof (assuming it to have been properly introduced) and the law applicable, was not entitled to injunctive relief; and, hence, that the preliminary writ wrongfully issued. But until there is a final judicial pronouncement to that effect (none has yet been made) it cannot be correctly said that an abuse of the injunctive process has occurred, a result which, in our opinion, is a condition precedent under the 1924 statute to an action for damages.
Therefore, we agree with the district court that this suit was instituted prematurely.
For the reasons assigned the judgment appealed from is affirmed.