ELLIS, Judge.
This suit has grown out of a former litigation between the same parties, which' prior suit is entitled “John P. Cryer v. J. W. Cryer.” See.Cryer v. Cryer, La.App., 44 So.2d 517.
In the former suit the cause was remanded to the lower court and the district court rendered judgment in favor of the defendant who is plaintiff herein, dissolving the temporary restraining order issued therein, reserving to the present plaintiff the right to seek damages which he might have sustained by reason of the wrongful issuance of the restraining order.
The present suit on appeal was filed June 30, 1951 against the principal and the surety on the bond given in the former suit wherein the temporary restraining order was issued. Herein the plaintiff seeks damages he claims to have suffered by the wrongful issuance of the temporary restraining order. Exceptions of mis-joinder, improper cumulation, of .action, amended exceptions of mis.-joinder, exceptions to the jurisdiction rationae personae and rationae materia, , exceptions . of prematurity, exception to the citation, and exception of no cause of action were filed and overruled. A plea of prescription as well as a plea of estoppel were filed and referred to the' merits. Answer was then filed and it was specially plead that the plaintiff in the present suit, defendant in the former suit, had already consummated the actions which the: ■restraining order purported to prevent him from doing, and consequently he was not damaged.
A trial upon the merits resulted in a judgment in favor of plaintiff in the amount of $425, with legal interest thereon from judicial demand until paid, together with all costs.
From this judgment the defendants have appealed.
The first exception filed herein was one of misjoinder of parties defendant upon the theory that plaintiff’s petition failed to show the defendants had a common interest; that the suit against John P. Cryer constituted a tort action, while that against J. S. Pickett was ex contractu. The petition sets forth that a bond was given by John P. Cryer to support a temporary restraining order and that Pickett was surety thereon. The bond was conditioned upon the obligation to pay J. W. Cryer, plaintiff in this suit, any damages he might recover against John P. Cryer for the wrongful issuance of the restraining order. To hold that the surety upon this bond could not be joined in this suit wo.uld destroy the very purpose of the bond, and consequently this exception was properly overruled by the trial court.
This first exception was filed on July 23, 1951 and was taken up on September 18, 1951. On October 15, 1951, the same day the exception of misjoinder was overruled, further exceptions of improper cumulation of actions, supplemental and amended exceptions of misjoinder of parties defendant, exception to the jurisdiction of the court rationae materia, exception to the jurisdic *749 tion of the court rationae personae, exception of prematurity and exception to citation were filed. On February 18, 1952 written objections were filed by the plaintiff to the taking up or considering of all these latter exceptions upon the basis that they were dilatory and could not1 be allowed Unless pleaded in limine litis. The trial court, on April 22, 1952, sustained the objections upon the basis that all of these latter exceptions were not timely filed and could .not be considered.
Article 333 of the Code of Practice provides :
“Method and time of pleading. — It is a rule which governs in all cases of exceptions, except in such as relate to the absolute incompetency of the judge before whom the suit is brought, that they must be pleaded specially in limine litis, before issue joined, otherwise they shall not be admitted.
“Hereafter no dilatory exceptions shall' be allowed in any case after a judgment by default has been taken; and in every case they must be pleaded in limine litis and at one and the same time, otherwise they shall not be admitted; nor shall such exceptions hereafter be allowed in any answer in any cause.
“No dilatory exception shall be allowed in any pending case unless the same shall be’ filed within ten days from the time this Act becomes effective. (As amended, Acts 1936, No. 124, § 1).”
Article 357 of the Code of Practice states:
“Cause at issue, when. — The cause is at issue when the defendant has answered, either by confessing or denying the. facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code.”
The case of Strudwick Funeral Home v. Crawford, La.App., 35 So.2d 838, 840 holds:
“The failure to assert a dilatory plea before joinder of issue constitutes a waiver of the defendant’s rights to maintain the plea.”
The case of Diamond T. Motor Trucks, Inc. v. Heck, La.App., 13 So.2d 512, 515, states:
“Issue is joined by the filing of any exception or plea which is required to be filed in limine litis. It therefore follows that'issue is joined by the filing of a plea of non-joinder.” , .
All of the exceptions covered by the written objections are dilatory ones and certainly issue is joined by a plea of mis-joinder as well as a plea of non-joinder. Consequently, the trial court ruled correctly when the objection was sustained.
The defendants argue that their exception of no cause or right of action is based upon the fact that the last extension of the temporary restraining order expired August 28, 1949 while the motion to dissolve it was not filed until September 1; 1949; that according to the pleadings in plaintiff’s petition the restraining order had passed out of existence. The fact remains that the petition sounds in damages for tbs wrongful issuance of the temporary restraining order and discloses a clear cause of action as well as a right of action. In fact the trial Court sustained an exception of no cause or right of action to the rule to dissolve the temporary restraining order, and this Court of Appeals reversed that judgment remanding the cause for further proceedings, stating the defendant was entitled to have his day in Court, and if the temporary restraining order was illegally issued then he couid, ’ in a separate proceeding, sue for damages he might have sustained on account of unlawful issuance of the restraining order. See Cryer v. Cryer, La.App., 44 So.2d 517.
The exception of no right and no cause of action was properly overruled.
After all of the other exceptions were overruled a plea of prescription was filed, which was referred to the merits. After a trial upon the merits was set, a plea of estoppel was filed. This, too, was referred to the merits, and in the answer it was especially pleaded that at the time the *750 temporary restraining order was issued the defendant, plaintiff in this suit, had already consummated the actions he was sought to be restrained from committing, and consequently he had not been damaged by the issuance of the order.
The defendants in this cause maintain that in Cryer v. Cryer, La.App., 44 So.2d 517, 519, this Court of Appeal sustained the district court in dismissing the reconven-tional demand for damages, and consequently since the opinion in that case was dated February 17, 1950, plaintiff’s right to claim any damages prescribed one year from that date, and as this present suit was not filed until June 30, 1951, then his claim is prescribed. We stated in the opinion referred to, the .following:
“It might be said then that after the dismissal of the suit the motion to dissolve is a moot question for there is nothing .to dissolve. However, plaintiff in his rule to dissolve should have his day in court because if the temporary restraining order was illegally or unlawfully issued then he could, in a separate proceeding, sue for damages that he might have sustained on account of the unlawful issuance of the restraining order.
“Plaintiff in rule submits that the judgment sustaining the no cause or right of action should be reversed and set aside, and that there be judgment sustaining the rule and dissolving the temporary 'restraining order as having been wrongfully issued with right reserved to defendant to sue for whatever damages he might have sustained on account thereof. This Court cannot pass on the motion to dissolve because the question of whether the temporary restraining order issued unlawfully was not considered in the District Court.”
No right of action could accrue to the plaintiff in this present suit until the district court had passed upon whether the temporary restraining order was wrongfully issued. The judgment dissolving this order and reserving to the defendant, plaintiff herein, the right to sue for damages is dated July 10, 1950. The present suit was filed June 30, 1951. Consequently, the plea of prescription must fall.
The plea of estoppel is based upon an allegation in the defendant’s motion, plaintiff herein, to dissolve the temporary restraining order wherein it was stated:
“That the bond given and filed herein in order to obtain the temporary restraining order is null and void and of no effect and not in accordance with the requisites of the law as provided in such cases.”
The defendants herein contend that the plaintiff having made this judicial declaration is now estopped to sue on this bond.
Our Supreme Court, in Robinson v. Hunt, 211 La. 1019, 31 So.2d 197, 210, stated:
“In view of the fact that the plea of estop-pel by record filed in the instant case and sustained by the trial judge was based principally on the proposition that a party litigant will not be permitted to deny in this suit what he has solemnly acknowledged in another judicial proceeding, and in view of the fact that there was no allegation in this plea that Caplow was deceived, misled, or damaged, the judgment sustaining the plea of estoppel by record, in our opinion, constituted error and must be reversed.”
The Supreme Court also stated in Slaton v. King, 214 La. 89, 36 So.2d 648, 651:
“There is nothing in the record to exhibit that plaintiff was misled or damaged by reason of the allegation contained in the divorce proceeding and, without such a showing, the plea of estoppel is not well taken.”
There is nothing in this record to show that the allegations made by the plaintiff, quoted above, deceived, misled or damaged the defendants herein. There was no such allegation made in the plea nor was any attempt made-to prove such.
The ruling of the District Court in overruling the plea of estoppel was correct.
The defendants herein have argued' that before the temporary restraining order- *751 was issued the plaintiff herein had already done the acts he was sought to be restrained from • doing and hence he has suffered no damage through the issuance of the order.
This whole dispute arose over a boundary line and the order restrained the plaintiff herein from building a fence upon a line and closing a road upon land he, the plaintiff, contended he owned.
The testimony herein shows that the plaintiff, his son, and three other persons, were building this fence when the order was served; that at that time the fence was about half completed. It was testified they stopped this work when the papers were served, retained an attorney and hired a licensed surveyor to run the line. Consequently the record clearly shows the acts complained of had not been consummated; that the order did discontinue the building of the fence and necessitated the procurement of the services of an attorney, and incidental expenses. Consequently, the defendants’ argument on this point is without merit.
The fees of the attorney employed by the plaintiff were proven to be $300. This item of damage has been shown to be reasonable and was not contradicted.
Also, it was shown that the amount of $50 was expended by plaintiff for expenses of travel. Therefore plaintiff has well proven he has been damaged in the amount of $350, and we are of the opinion the trial court was correct as to these items.
However, the lower court allowed an additional $75 as damages upon fhe showing by the plaintiff that he paid a surveyor $150 to run'the line along which the fence was to have been constructed. Only one-half of the $150 item was allowed on the theory that insofar as the necessity for running the line pertained to the restraining order or securing its dissolution, it was necessary to run only one-half, or the remaining distance over which the plaintiff was restrained from constructing the fence. The defendants herein vigorously contend that the plaintiff had already caused the survey to be made and had employed the surveyor to make this survey before the temporary restraining ordér was ever issued and served upon him, and it was upon this finding of fact that the District Court awarded $75 as damages which represents % the cost of the surveyors fee.
In order to settle the question of whether plaintiff, as a result of the issuance of the temporary restraining order, had subsequently employed E. H. Barrantine, surveyor, or had done so prior to the issuance of the restraining order, we obtained from the Clerk of the Parish of Vernon the original record in the suit of Cryer v. Cryer, La.App., reported in 65 So.2d 618, which contained the answer to the question in the testimony of Barrantine, the surveyor, and the plaintiff herein, J. W. Cryer. According to the allegations of plaintiff’s petition in the case under consideration, the restraining order was obtained on the 30th day of July, 1949, and according to the testimony of E. H. Barrantine, his survey was made on June 29, 1949 and plat prepared which is in evidence on July 20, 1949. In the present suit the plaintiff was mistaken when he testified that the surveyor had been employed as a result of and subsequent to the issuance of the restraining order, and, therefore, the item of $75 damages should be disallowed.
We do not attribute any wi'lfull intention to falsify testimony to the plaintiff, for an ■examination of the record in Cryer v. Cry-er, supra, shows one survey by a company surveyor and a fence partially erected by the present plaintiff in April of 1949, evi-dentally in accordance with the company surveyor’s establishment of the line. However, this surveyor was not employed by either plaintiff or defendant. We next find a Mr. Oxford, surveyor employed by John P. Cryer,. who made a survey on June 4, 1949 and a map thereof on June 10th, 1949. The Oxford survey disagreed with the company surveyor’s- line and it was then that Barrantine was employed by the plaintiff.
In view of the fact that litigation back and forth between these parties up to the filing of the present suit on April 21, 1953 covered several years, there were three *752 different surveyors and surveys referred to as having something to do with the line in question in 1949, and the restraining order having been continued numerous times, it is understandable why the plaintiff would have been mistaken in his testimony as to the date of the employment of the surveyor.
For the reasons assigned it is ordered that the judgment of the District Court be amended by reducing the amount thereof by the sum of $75 and as thus amended it is hereby affirmed, plaintiff to pay the costs of this-appeal.,
PER CURIAM.
Appellants have filed an application for a rehearing in this case and seriously contend that our judgment was erroneous in affirming the judgment of,the District Court in awarding the plaintiff attorney’s fees as damages for the dissolution of a temporary restraining order issued in the suit of “John P. Cryer v. James W. Cryer”. They argue that no attorney’s fees are due because the restraining order lapsed and was not in effect at the time the rule to dissolve was heard. They also contend that attorney’s fees can not be allowed for the dissolution of a writ of injunction, and cite in support of their contentions the cases of Chavis v. Trimble, 124 So. 703; Inter City Express Lines, Inc., v. Guarisco, 165 So. 727; Falgout v. Boudreaux, 188 So. 421; and Vinson v. Picolo, 15 So.2d 778, decided, by the Court of Appeal, Parish of Orleans. We have examined these cases and find they are inapposite.
The appellants have raised these points for the first time in application for rehearing. They were not urged in the court below and were not urged by brief or on argument here on the original hearing. Under these circumstances, we would be justified in declining to consider them.
The controlling law on whether or not damages can be recovered for the dissolution of a temporary restraining order is found in the cases of Albert Pick & Co. v. Stringer, 171 La. 131, 129 So. 731, Vidal v. Sterlington Gas Corp., 182 La. 19, 161 So. 6, 7, Southern Bell Telephone & Telegraph Co. v. Louisiana Public Service Commission, 183 La. 741, 164 So. 786, and Freeland v. Carmouche, 177 La. 395, 148 So. 658.
The present practice, under Act 29 of 1924, LSA-R.S. 13:4062 to 13:4071, in obtaining a restraining order has the same effect' as the obtaining of a preliminary writ of injunction before the enactment of this statute. Building & Construction Trades Council v. Gasoline Plant Construction Corp., 219 La. 834, 54 So.2d 101; American National Bank v. Bauman, 173 La. 336, 137 So. 54.
Rehearing refused.