FRUGÉ, Judge ad hoc.
On February 5, 1958, James E. Watkins, plaintiff herein, acquired a 40-acre tract of land in Calcasieu Parish, Louisiana, at Sheriff’s Sale and pursuant to a judgment of partition by licitation. Neither the plaintiff nor the defendants were parties to this suit. After the sale, a writ of possession was issued to the Sheriff of Cal-casieu Parish, who was ordered to place the purchaser, James E. Watkins, in possession of the property. Defendant, Joe Ab-shire, then filed suit against James E. Watkins praying to be maintained in his possession of a portion of the property which had been sold at public sale, and secured the issuance of a temporary restraining order; Robert N. Mitchell, the other defendant herein, was the surety on the bond. This suit bore the docket number of 42,-656, and was tried before John T. Hood, Jr., Judge of Division “B” of the Fourteenth Judicial District Court, in and for Cal-casieu Parish, Louisiana. No trial was had on the merits in that upon due motion made, the temporary restraining order was set aside prior to a hearing on the merits. The present suit was instituted by the plaintiff to recover damages, and attorney’s fees from Abshire and his surety, Mitchell, and at due trial had before Preston L. Savoy, Judge of Division “C” of the same court, the claim for damages was denied and attorney’s fees in the amount of $350 were awarded.
Defendants appeal and plaintiff has answered the appeal, praying for an increase in attorney’s fees from the award of $350 to $750.
Two issues are presented on appeal. (1) Attorney’s fees and (2) damages other than attorney’s fees. Plaintiff in this court restricts his argument in brief to attorney’s fees, hence, we assume that he acquiesces in the rejection of other damages by the District Court.
It is not disputed that plaintiff is entitled to attorney’s fees on quantum meruit. Defendants resist plaintiff’s claim on the ground that he has failed to prove same.
It is well settled that attorney’s fees can be recovered for the dissolution of a temporary restraining order. Article 304 of the Code of Practice; LSA-Revised Statutes 13:4062-13:4071; Albert Pick & Co. v. Stringer, 171 La. 131, 129 So. 731; Vidal v. Sterlington Gas Corporation, 182 La. 19, 161 So. 6. As stated by this Court in Cryer v. Cryer, La.App., 70 So.2d 747, 752,
“The present practice, under Act 29 of 1924, LSA-R.S. 13:4062 to 13:-4071, in obtaining a restraining order has the same effect as the obtaining of a preliminary writ of injunction before the enactment of this statute. Building & Construction Trades Council of *668 Lake Charles, and Vicinity v. Gasoline Plant Construction Corp., 219 La. 834, 54 So.2d 101; American National Bank v. Bauman, 173 La. 336, 137 So. 54.”
The Supreme Court, in the case of Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12, at page 24, said:
“Plaintiff contends that the judge erred in awarding defendant’s attorneys a fee of $1,000 to be charged against the community assets. The complaint is that there is no evidence in the record to show the value of the services rendered by defendant’s counsel.
“There is no merit in the contention. The services were rendered under the eye of the court. Hence, the judge was fully able to estimate the value of the services and order that they be charged to the community estate.”
In the case at bar the District Judge based his findings on the particular issue on his study of the record wherein the restraining order was dissolved (by Judge Hood of the same Court but separate division), and on the testimony of plaintiff’s attorney as to his services. He concluded that the rule in the Thigpen case, supra, had full application here. We are in accord.
Defendant, in support of his contention, cites a number of cases, all of which are inapposite to the issues here, which we will now briefly discuss. In the case of Goldman v. Sugar Brothers Company, Ltd., 8 La.App. 562, at page 564, wherein an injunction was dissolved, the only evidence in that record was the minutes showing that a motion to dissolve the injunction was filed, tried and overruled, the motion was not made a part of the record and the defendant in his answer, did not claim either attorney’s fees or statutory damages and there was absolutely no proof in the record to sustain attorney’s fees, nor did the record show the amount of the judgment of which was enjoined and therefore, the Court in that case properly disallowed any attorney’s fees. In Simms v. Liuzza, 168 La. 714, 123 So. 301, the court disallowed plaintiff’s claim for attorney’s fees for dissolving an injunction obtained by defendant against plaintiff, because there was no proof of value of services rendered by attorneys, in connection with the dissolution of the writ. In Burglass v. Villere, 170 La. 805, 129 So. 209, at page 211, our Supreme Court held that there was no proof in the record that Burglass actually paid or incurred the obligation to pay $150’ for attorney’s fees. Without such proof, the claim for attorney’s fees was not allowed. However, the case was remanded, thus giving the opportunity to furnish proof of the obligation for attorney’s fees. Also in line, the case of Albert Pick & Company v. Stringer, 171 La. 131, 129 So. 731, was cited.
Defendant contends with reference to quantum meruit, that the above authorities sustain his views, that claim for attorney’s fees in this case should be disallowed by reason of the fact that plaintiff failed to have some other attorney testify as to the reasonable value of his services, and he states that plaintiff, in effect, is asking the district court to take judicial notice of the value of his services. Defendant further contends that inasmuch as this could have been proved by the testimony of another attorney at the bar, which is the proper method of proof in such cases, that the Court is not obligated to substitute itself as did the trial judge as an attorney witness for plaintiff’s counsel as to the value of his (plaintiff attorney) services. We believe this argument untenable. Here, unlike the cases, supra, there is evidence in the record of the testimony of the attorney for plaintiff as well as a certified copy of the proceedings within which the restraining order was dissolved. While it is true that another Judge dissolved the injunction, it is in the same court although tried by a separate division. Hence, we take the view that the trial court correctly *669 ruled that the authority cited in Thigpen v. Thigpen, supra, is applicable here, in that the services rendered were under the eyes of the Court.
With respect to the fee awarded by the District Court, we agree that the amount is substantially correct, but in view of the additional services required by the appeal, the attorney’s fees are raised to $500.
For the above and foregoing reasons, the judgment of the District Court is amended to provide an increase in attorney’s fees to $500 and as amended, affirmed.
Amended and affirmed.