SAMUEL, Judge.
This is a suit for an injunction. Relators are twelve members of the Board of Governors of the Crescent City Democratic Association (C.C.D.A.), a non-profit corporation, and include the chairman, vice-chairman, secretary and treasurer thereof. Respondents are nine other members of that Board of Governors.
The allegations of the petition pertinent hereto are that on November 16, 1961, respondents held an alleged meeting of the Board of Governors of the C.C.D.A. at which Mr. James J. Woulfe was named a member of the Board representing the Third Ward and Mr. Adrian G. Duplantier was endorsed as a candidate for Mayor of the City of New Orleans; that said meeting was illegal and null for the reasons that it had not been called by the chairman and a quorum was not present, both as required by the bylaws of the corporation; and that respondents have called and intend to hold another such illegal meeting. The petition prays for a temporary restraining order enjoining, restraining and prohibiting the respondents from conducting or attempting to conduct the official business of the C.C.D.A. Board of Governors and particularly from holding meetings under the name and title of that body. It also prays for a preliminary injunction to the same effect and seeks to have the actions of the meeting held by the respondents on November 16, 1961, declared illegal and null.
A temporary restraining order was issued and the rule nisi for the preliminary injunction was set for trial. On November *232 29 a pre-trial conference was held at which it was stipulated by all counsel that the chairman had appointed a committee to examine into the qualifications of a representative from the Third Ward, the committee to submit its recommendations to the caucus, and that the meeting (involved in this suit) was not called by the chairman but was called by a notice signed by several of the respondents.
The respondents filed a motion to dissolve the restraining order and various exceptions, one of which was an exception of no right of action based on the fact that the corporation, allegedly an indispensable party, had not been joined either as relator or respondent, and asked for damages. Hearings were held on the motion and exceptions on December 1 and December 4 and on the latter date the court rendered judgment recalling and setting aside the temporary restraining order, maintaining the exception of no right of action, and dismissing relators’ suit. The judgment also denied respondents’ motion for damages and attorneys’ fees for the following reason, as expressed by the court prior to rendition:
“Further, I hold that there will be no damages allowed in this case inasmuch as I find that both plaintiffs and defendants acted in error, on the one hand the calling of the meeting of November 16th and on the other hand the failure of plaintiffs to join the corporation in the suit.”
Respondents have appealed only from that portion of the judgment which denies them attorneys’ fees as damages. They do not contend that the respondents were not in error in calling the meeting of November 16, nor does the record reveal that the opposite finding by the trial court was erroneous. They do contend that respondents were entitled to proper and reasonable attorneys’ fees as a matter of right when the court held the restraining order had been improvidently issued and that the court could not determine the legality of the November 16 meeting until the case had been tried on its merits. We do not agree.
Respondents rely upon the rule, as expressed in Southern Bell Tel. & Tel. Co. v. Louisiana Pub. Serv. Com’n, 183 La. 741, 164 So. 786, Vidal v. Sterlington Gas Corporation, 182 La. 19, 161 So. 6, and Albert Pick & Co. v. Stringer, 171 La. 131, 129 So. 731, that an attorney’s fee is to be allowed for dissolving a wrongfully obtained temporary restraining order.
We note, especially from the earliest of these cases, Albert Pick & Co. v. Stringer, that the rule is based on former Code of Practice Article 304, the pertinent provision of which uses the words “shall condemn” and is therefore mandatory as to the damage award.
But the law now in effect, and applicable to the instant case, is LSA-Code of Civil Procedure Article 3608, which reads (emphasis ours):
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
The word “may” being used, an award of damages, and the inclusion of attorney’s fees as an element of such an award, for wrongful issuance of a temporary restraining order is permissive.
Nor was the trial judge required to disregard, and in effect to close his eyes to, the information contained in the pleadings, exhibits (including the charter and bylaws of the corporation) and the stipulations entered into during the pre-trial conference, all of which constituted sufficient informa *233 tion to enable the court to come to a conclusion as to the legality both of the meeting of November 16 and the actions of the respondents in connection therewith.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.