552 So.2d 741 (1989)
L. Ray LAMASTUS, et al.
v.
John G. DISCON, et al.
No. 88 CA 1507.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Writ Denied February 2, 1990.
*742 A. Morgan Brian, New Orleans, for plaintiffs, appellants.
Edward J. Cloos, III, Metairie, Edward Morris, R. Brent Cueria, Brian Cadwallader, New Orleans, for defendants, appellees.
Ronald Guth, Slidell, for defendant, appellee Mrs. Harold Brehm.
Before COVINGTON, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
L. Ray Lamastus, Saray, Inc., and Lamastus & Associates, Inc. (plaintiffs) on December 17, 1986, brought a suit entitled, "Petition for Damages for the Wrongful Issuance of a Preliminary Injunction," against John G. Discon and multiple other defendants (Discon), including Mrs. Bernard C. Frischhertz, Sr. Simply stated, Discon on August 10, 1970, sought an injunction against plaintiffs to stop a marina-restaurant-motel complex insofar as it interfered with a waterway known as Facianne Canal which afforded boat access from Discon's property at the Northshore Beach area. A temporary restraining order issued which blossomed into a preliminary injunction on December 1, 1970, and plaintiffs were enjoined from in any way filling in, obstructing, or impeding the free use of Facianne Canal or placing any structural object in it. Ultimately, on June 29, 1972, the supreme court in Discon v. Saray, Inc., 265 So.2d 765 (La.1972), in effect agreed with the trial court, and its judgment of preliminary injunction became final. No further legal action was taken by either the plaintiffs or defendants in that suit after April 26, 1973. However, the Lamastus interests brought a separate declaratory judgment action in 1973 seeking a judicial determination to permit them to continue their development plans. In 1983, James J. Frischhertz and Bernard C. Frischhertz, Jr., brought another injunction action against the Lamastus interests, which was consolidated with the declaratory judgment action. A consent judgment granting a permanent injunction was entered in the consolidated cases.
This suit for damages for wrongful issuance of the 1970 preliminary injunction alleged that because the permanent injunction was never tried on the merits, it was abandoned under LSA-C.C.P. art. 561 in 1978, or five years after the last action taken in the trial court. Plaintiffs say that said abandonment constituted a confession that the preliminary injunction was wrongfully obtained and damages should be awarded based on that judicial confession. The Discon defendants countered by filing exceptions of lack of subject matter jurisdiction, lack of procedural capacity, prescription, res judicata, no cause of action, and no right of action. Mrs. Bernard C. Frischhertz, Sr., filed exceptions of prescription and res judicata.
On hearing the exceptions, the trial court dismissed all exceptions other than that of prescription and found that the plaintiffs' cause of action had prescribed in 1983. The trial court also found that the "right to seek dissolution of the preliminary injunction" was a personal right subject to a ten-year prescriptive period under LSA-C.C. art. 3499; that as of 1973, the preliminary injunction was enforceable and the prescriptive period began running at that time; that the right to seek a judicial determination of whether or not the preliminary injunction was wrongfully issued was separate from the right to seek damages; and that the principles of abandonment were not applicable.
Plaintiffs appeal from this adverse judgment, assigning as error the trial court's finding that their action for damages had prescribed, its finding that the principles of abandonment do not apply to preliminary injunctions, and its holding that the right to seek the dissolution of an injunction is a separate action with its own prescriptive period. The Discon defendants answered the appeal, assigning as error the trial court's failure to maintain their exceptions of res judicata and no cause of action, and *743 asking for damages for frivolous appeal. Mrs. Frischhertz also answered the appeal.
We first note the trial court's statement of the issue to be decided: "Whether, under the facts as outlined above, the right to seek a determination of wrongful issuance has prescribed ... where the preliminary injunction was never made permanent." Plaintiffs characterize this statement of the issue as "errant," arguing that the right to seek dissolution of a preliminary injunction is subsumed into the pending main action for a permanent injunction and cannot prescribe independently. Plaintiffs base their case on the premise that the fact the preliminary injunction never ripened into a permanent injunction is somehow equivalent to an admission by defendants that the preliminary injunction issued wrongfully, despite plaintiffs' own failure to pursue any sort of action for dissolution of the preliminary injunction, or to move that the matter be set for trial on the merits to determine whether or not a permanent injunction should issue.
For this first prong of their argument, plaintiffs rely on Barthe v. City of New Orleans, 7 So. 70 (La.1890). In Barthe, the injunction was voluntarily abandoned by the plaintiff; plaintiffs argue that here, where the preliminary injunction was pendant to the ordinary action for a permanent injunction which was abandoned after five years for lack of prosecution, Barthe likewise applies. However, plaintiffs have overlooked Building and Construction Trades Council of Lake Charles v. Gasoline Plant Construction Corporation, 54 So.2d 101 (La.1951), which distinguished Barthe as having been decided before the change in the injunction laws made it necessary for an injunction plaintiff to make a showing on a rule that the injunction should issue; previously, the injunction action was subject to much abuse because there was no necessity for a hearing before an injunction was granted. In Building and Construction Trades Council, there was never any determination on the merits that the injunction was wrongfully issued; therefore, plaintiff's action for damages was dismissed as premature.
Plaintiffs argue that their damage claim is the basic cause of action, and the determination of wrongful issuance via a motion to dissolve the injunction is merely ancillary to the right to recover damages. Plaintiffs' argument is inconsistent: on the one hand, they argue that the claim for damages only begins to prescribe when a determination of wrongful issuance is made, and on the other hand, they argue they can get damages whether they ever ask for a determination of wrongful issuance or not under LSA-C.C.P. art. 3608's procedural framework. Defendants, in support of their exceptions of no cause and no right of action, cite Joseph Fein Caterer, Inc. v. Borenstein, 459 So.2d 673 (La. App. 4th Cir.1984), which interpreted LSA-C.C.P. art. 3608 as providing an exclusive means of obtaining damages for wrongful issuance. Whether LSA-C.C.P. art. 3608's "may allow damages" language is permissive or mandatory, it is clear that a claim for damages for wrongful issuance is contingent upon a determination that the issuance was in fact wrongful. Generally, a claim for damages is asserted in a motion to dissolve or a reconventional demand, and the court reserves the right to the plaintiff to actually recover damages for wrongful issuance when it renders its decision on the motion to dissolve the injunction. Cryer v. Cryer, 44 So.2d 517 (La.App. 1st Cir.1950). However, without that initial determination of wrongfulness, damages cannot be awarded. Scheyd, Inc. v. Jefferson Parish School Board, 412 So.2d 567 (La.1982).
Here, plaintiffs never sought that determination. No effort was made to dissolve the injunction; no reconventional demand asking for damages against these defendants was ever filed;[1] and plaintiff never sought to push the matter to trial on the merits. Defendants cannot be said to have admitted the injunction was wrongfully issued *744 when they won on appeal to the Louisiana Supreme Court on the initial issuance of the preliminary injunction, and therefore had no duty to seek a permanent injunction. Semel v. Green, 252 La. 386, 211 So.2d 300, 303 (1968).
We disagree with the trial court's ruling that the principles of abandonment do not apply to an injunction action; although a preliminary injunction remains alive until dissolved, the actual permanent injunction action to which the preliminary injunction is pendant is an ordinary lawsuit and fails after five years for lack of prosecution under LSA-C.C.P. art. 561 just like any other action. Where we differ with plaintiffs is in their interpretation of the effect of that abandonment. It does not constitute any sort of determination of wrongful issuance. That determination must be made by a court, upon the request of a party to the lawsuit; and that request could have been made by plaintiffs from 1970 on. We agree with the trial court that this is a personal action, and the prescriptive period, therefore, is ten years. Yiannopoulos, Property, § 174 (2 Louisiana Civil Law Treatise, 1980). However, whether the prescriptive period is one year or ten, clearly by 1986 the plaintiffs' cause of action for damages for wrongful issuance had prescribed because they never sought a determination that the preliminary injunction wrongfully issued.
As to defendants' claim for damages for frivolous appeal, it is denied.
The judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] Plaintiffs did file a reconventional demand in the original injunction proceeding, seeking an injunction against defendants who, plaintiffs alleged, were interfering with their own use of the property. That reconventional demand also sought damages against the vendor of the property. It did not ask for monetary damages against the present defendants.